UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KASEY D. ALVES                                                                                    PLAINTIFF

VERSUS                                                                    CAUSE NO.:1:06cv912 LG-JMR

HARRISON COUNTY MISSISSIPPI, BY AND
THROUGH THE BOARD OF SUPERVISORS;
HARRISON COUNTY SHERRIFF'S DEPARTMENT;
SHERRIFF GEORGE PAYNE, JR.; and
HEALTH ASSURANCE, LLC;                                                              DEFENDANTS

## AMENDED COMPLAINT

(THE PLAINTIFF DEMANDS A TRIAL BY JURY)

COMES NOW, the Plaintiff, Kasey D. Alves, by and through counsel and files this Amended Complaint against the Defendants and in support of same the Plaintiff would state the following:

1.

This action is brought for violation of Federal Statutes and constitutional provisions (Federal and State). These provisions include but are not limited to 42 U.S.C. §1981, 1983, 1985, 1986 and 1988. The Plaintiff alleges violations of his civil, constitutional and human rights.

2.

January 7, 2006, Plaintiff was arrested by the Biloxi police department and transported to the Harrison County Detention Facility in Gulfport, Mississippi. After entering the detention facility, Plaintiff was placed in the custody and control of the Harrison County Sherriff's

Department and its deputies. After being placed in the custody of the Harrison County Sherriff's Department and its deputies, the Plaintiff was beaten and then placed in a restraining chair. After being placed in the restraining chair, straps were placed on several portions of Plaintiff's body. Plaintiff, for a period of at least 7-8 hours, remained strapped to the restraining chair. The Plaintiff did not receive medical or any other treatment to assist him while in the restraining chair. While in the restraining chair, other acts of abuse were committed by Harrison County Sherriff's Department Deputies. Later that date a relative of Plaintiff posted Plaintiff's bond and Plaintiff was released. At the time of his release, strap marks were evident above his knees, ankles and over both shoulders. Plaintiff still has markings from the straps.

3.

As a result of the abuse administered by the Harrison County Sherriff's Department Deputies, the Plaintiff sought treatment at Memorial Hospital at Gulfport. Plaintiff was diagnosed with severe Rhabdomyolysis (this is a condition of muscle enzyme breakdown and destruction indicating significant ischemic injury to the muscles and nerves). Because of the severity of the Rhabdomyolysis, the Plaintiff ultimately developed kidney failure and treated with Acute Renal Dialysis. The Plaintiff continues to suffer from the abuse he endured at the Harrison County Detention Facility.

4.

While at the Harrison County Detention Facility, numerous officers were present and either participated in the abuse, observed the abuse and failed to stop same or encouraged the abuse. Medical assistance was not provided either by the Sherriff's Department employees or their contractor, Health Assurance, LLC.

5.

Prior to January 7, 2006, numerous instances of abuse and violence were administered by Harrison County Sherriff's Department Deputies against those individuals they were sworn to detain and protect. These instances included but are not limited to the following:

    A.    August 25, 2005, an individual was taken into the shower room by a booking officer, punched and his jaw broken. No disciplinary action was taken against that officer.

    B.    October 3, 2005, an individual who could not understand the commands he was being given was severely beat including punching and kicking.

    C.    October 3, 2005, an individual was moved from a holding cell by a booking officer and beaten until he fell to the ground and then kicked in the head.

    D.    The booking officers often took individuals into the shower/dressing room where cameras were not present and physically hit and beat individuals.

    E.    August, 2003, an individual was beaten by officers in the Salli-Port. This instance was witnessed by other inmates and volunteer chaplains. Affidavit and other forms of documents were given to the Sherriff's Department concerning this abuse.

    F.    Numerous other instances that have been discovered through recent investigations and entry of guilty pleas of various deputies in United States District Court, Southern District of Mississippi.

6.

At all material times mentioned herein, the Defendants were vested with State authority and the responsibility and duty of adhearing to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. While acting under the color of State Law, the Defendants caused a policy, custom, usage or practice to exist wherein the rights, privileges or immunities of the Plaintiff were violated. The Defendants engaged in a course of conduct that resulted in a violation of the Plaintiff's right to equal protection of The Laws of the United States, The Fourteenth Amendment to the Constitution and provisions of The Constitution of The State of Mississippi: The right to procedural and substantive due process pursuant to the 5th and 14th Amendments of the Constitution; The right against cruel and unusual

punishment pursuant to the 8th Amendment of the Constitution. The violations include but are not limited to use of excessive force, torture, deprivation of civil rights, and the unnecessary and sadistic infliction of pain designed and intended to cause Plaintiff physical, mental and emotional harm, pain, humiliation and/or injury. Further, after inflicting injuries on the Plaintiff, Defendants deliberately were indifferent to the immediate and serious medical needs of Plaintiff.

7.

The Defendants and their agents, representatives and employees acted pursuant to the policies, regulations and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of the Defendants. The Defendants were the governmental officials whose acts represented official policy, practices, customs or regulations of the Defendants. The Defendants developed, planned and implemented the policy, custom and/or usage that resulted in and caused the injuries suffered by Plaintiff.

8.

Prior to the abuse of the Plaintiff, there existed at the Harrison County Detention Center belief, practice, usage and/or custom that it was acceptable to beat and/or abuse detainees who may not have acted in an acceptable manner. While Plaintiff was being abused, other members of the Harrison County Sherriff's Department and employees of Health Assurance, LLC, did not intervene to stop the abuse or to report same. These individuals became co-conspirators and/or accomplices to the violation of the Plaintiff's civil, constitutional and human rights and they are liable for their acts of omission. There was an agreement among these individuals to cover up and lie about the abuse of the Plaintiff. They agreed and conspired to engage in a course of

conduct that resulted in violation of Plaintiff's constitutional rights through their acts of omission.

9.

Prior to the abuse of the Plaintiff, the Defendants knew or should have known that abusive and violent behavior by members of the Harrison County Sherriff's Department at the Adult Detention Facility regularly took place in the booking area. There had been previous incidence of abuse and allegations of unnecessary use of excessive force reported to some or all of the Defendants. Having previous knowledge of abuse and violent acts at the Adult Detention Facility, and having power to prevent or aid in preventing the commission of such act, the Defendants neglected or refused to prevent same.

10.

The Defendant, Harrison County, Mississippi, is a political subdivision of The State of Mississippi and is the entity responsible for the oversight and funding of the Harrison County Sherriff's Department.

11.

The Defendant, The Harrison County Sherriff's Department, is a political entity or subdivision organized to provide security and safety to the citizens of Harrison County, Mississippi, including those individuals detained at the Harrison County Detention Center.

12.

The Defendant, George Payne, is the duly elected Sherriff of Harrison County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to

provide protection to the citizens of Harrison County, Mississippi, including those detainees at the Harrison County Detention Center.

13.

The Defendant, Health Assurance, LLC, was the contract medical provider retained to provide medical services or assistance to detainees at the Harrison County Detention Center.

14.

As a direct and proximate result of the Defendants conduct, the Plaintiff suffered injury to his person. The Plaintiff suffered pain, humiliation, mental distress and emotional anguish.

15.

The Plaintiff demands judgment of and from the Defendants as follows:

A. All medical expenses, past, present and future.
B. Lost wages and loss of wage earning capacity.
C. Compensatory damages in the sum of $ 5,000,000 (Five Million Dollars).
D. Punitive damages in the sum of $10,000,000 (Ten Million Dollars).
E. Attorney fees, cost of litigation and cost of court.

WHEREFORE, Plaintiff files this Complaint, requests jury trial, and seeks Judgment of and from the Defendants, jointly and severally.

RESPECTFULLY SUBMITTED, this the 9th day of January, 2007.

KASEY D. ALVES, Plaintiff

BY: /s/ Woodrow W. Pringle, III
WOODROW W. PRINGLE, III

## CERTIFICATE OF SERVICE

I, WOODROW W. PRINGLE, III, certify that I have this date forwarded via the ECF system, a copy of the above and foregoing Amended Complaint to the following:

Karen J. Young, Esq.
Attorney at Law

Cy Faneca, Esq.
Attorney at Law

Walter T. Johnson, Esq.
Attorney at Law

**SO CERTIFIED** this the 9th day of January, 2007.

/s/ *Woodrow W. Pringle, III*
WOODROW W. PRINGLE, III


WOODROW W. PRINGLE, III
ATTORNEY AT LAW
MS. BAR NO. 4513
2217 PASS ROAD
GULFPORT, MISSISSIPPI 39501
(228) 868-8355 (PHONE)
(228) 868-8433 (FAX)