UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KASEY D. ALVES**                                                                             **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 1:06cv912LGJMR**

**HARRISON COUNTY, MISSISSIPPI,
BY AND THROUGH THE BOARD OF
SUPERVISORS; HARRISON COUNTY
SHERIFF'S DEPARTMENT; SHERIFF
GEORGE PAYNE, JR.; AND HEALTH
ASSURANCE, LLC.**                                                 **DEFENDANTS**

**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF
HARRISON COUNTY SHERIFF'S DEPARTMENT AND
<u>SHERIFF GEORGE PAYNE, JR. TO AMENDED COMPLAINT</u>**

COME NOW Defendants, Harrison County Sheriff's Department and Sheriff George Payne, Jr., by and through their attorneys, Dukes, Dukes, Keating & Faneca, P.A., and files their Answer, Defenses and Affirmative Defenses to the Amended Complaint as follows, to wit:

<u>FIRST DEFENSE</u>

The Complaint fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

<u>SECOND DEFENSE</u>

The Complaint should be dismissed as to Harrison County Sheriff's Department pursuant to rule 12(b)(2) of the Federal Rules of Civil Procedure, inasmuch as there is no such legal entity.

## THIRD DEFENSE

Defendants specifically reserve and invoke all other rights and defenses available, including but not limited to those set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, including the Mississippi Tort Claims Act, the United States Code, and/or common law, for which a good-faith legal and/or factual basis exists in their favor.

## FOURTH DEFENSE

That at all times relevant to Plaintiff's claims, these answering Defendants acted in a reasonable manner and in good faith in the execution of their official duties, and therefore, these answering Defendants are immune from liability.

## FIFTH DEFENSE

And now, in response to the allegations of the Complaint, these Defendants answer, paragraph by paragraph, as follows:

1. To the extent the allegations contained in Paragraph 1 of the Amended Complaint make any allegation of liability against these answering Defendants, said allegations are denied, and these Defendants specifically deny that the Plaintiff had any civil, constitutional, or human rights violated.

2. In response to the allegations contained in Paragraph 2 of the Amended Complaint, Defendants admit that the Plaintiff was arrested by the Biloxi Police Department and transported to the Harrison County Detention Facility on January 7, 2006. Defendants further admit that Plaintiff was placed in the custody of the Harrison County Sheriff's Office. The Defendants further admit that Plaintiff was placed in a restraining chair and due to an oversight at shift change, Plaintiff remained in the

restraint chair for a period of 7-8 hours and that he did not receive any medical treatment during that time.  Defendants further admit that a relative of the Plaintiff posted the Plaintiff's bond and the Plaintiff was released.  However, the remaining allegations of said paragraph are denied.

       3.      In response to the allegations of Paragraph 3 of the Amended Complaint, the Defendants admit that the Plaintiff was treated at Memorial Hospital at Gulfport and diagnosed with Rhabdomyolsis and resulting kidney failure; however, due to the fact that no discovery has been conducted, the Defendants are not in a position to admit or deny the causal relation between the medical condition and any act or omission as alleged in the Amended Complaint and therefore, the remaining allegations of Paragraph 3 are denied.

       4.      The allegations contained in Paragraph 4 of the Amended Complaint are denied.

       5.      The allegations contained in Paragraph 5 of the Amended Complaint, including subparts A. through E., are denied.

       6.      The Defendants admit the first sentence of Paragraph 6; however, the remaining allegations contained in Paragraph 6 of the Amended Complaint are denied.

       7.      The allegations contained in Paragraph 7 of the Amended Complaint are denied.

       8.      The allegations contained in Paragraph 8 of the Amended Complaint are denied.

       9.      The allegations contained in Paragraph 9 of the Amended Complaint are denied.

10. In response to the allegations contained in Paragraph 10 of the Amended Complaint, these answering Defendants admit that Harrison County is a political subdivision of the State of Mississippi.

11. In response to the allegations contained in Paragraph 11 of the Amended Complaint, these answering Defendants specifically deny that there is any such legal entity as the Harrison County Sheriff's Department.

12. The allegations contained in Paragraph 12 of the Amended Complaint are admitted; however, the Defendants deny that they are in any way liable to the Plaintiff.

13. The allegations contained in Paragraph 13 of the Amended Complaint are admitted.

14. The allegations contained in Paragraph 14 of the Amended Complaint are denied.

15. The allegations contained in Paragraph 15 of the Amended Complaint, including subparts A. through E., are denied.

In response to the last unnumbered Paragraph of the Amended Complaint entitled "WHEREFORE, PREMISES CONSIDERED," Defendants deny that they are in any way liable to Plaintiff for any of the alleged violations or injuries of which they complain, and these Defendants further deny that are in any way liable to Plaintiff for any damages, compensatory or punitive, cost of court, expenses, interest, or attorney fees, or any other sums whatsoever.

The Defendants deny any and all paragraphs in the Amended Complaint, regardless of paragraph number, or lack thereof. And now having fully answered the Amended Complaint, paragraph by paragraph, the Defendants set forth the following

alternative affirmative defenses:

I.

Defendants invoke the provisions of §85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

II.

These Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. These Defendants state that they are protected by sovereign, absolute, and/or qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees, or any other damages as requested in the Plaintiff's Amended Complaint.

III.

To the extent the Amended Complaint raises any claims under Mississippi law, these Defendants specifically plead all protections to which they are entitled pursuant to §11-46-1, et seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendants' right to a bench trial; all limitations on liability contained therein; and all prohibitions against individual liability.

IV.

Defendants specifically deny each and every material allegation of the Amended Complaint which has not been specifically admitted, regardless of paragraph number

or lack thereof or paragraph letter or lack thereof.

V.

To the extent Plaintiff was apprehended, charged, indicted, and/or convicted of any crime in connection with the events surrounding his arrest on or about January 7, 2006, and which are the subject of his allegations in the Amended Complaint, such conviction acts as an affirmative bar to any lawsuit by Plaintiff under 42 U.S.C. §1983, and Defendants hereby plead any such convictions of Plaintiff as an affirmative bar and defense to Plaintiff's claims.

VI.

Defendants would show that the Amended Complaint, to the extent that it seeks punitive or exemplary damages, violates certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi;

It further violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi;

It violates the Fourteenth Amendment as said Amendment guarantees Defendants equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing Defendants on the basis of wealth.

VII.

The Fourth, Fifth and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants and to the extent that Defendants are subjected to criminal sanction through punitive damages, the burden of proof for imposing punitive damages is "beyond reasonable doubt." Defendants would affirmatively show that Plaintiffs are not entitled to recover punitive damages against them pursuant to 42 U.S.C. §1983.

VIII.

Plaintiff cannot demonstrate the existence of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged constitutional deprivation of which he complains, and therefore he cannot maintain a claim against these Defendants pursuant to 42 U.S.C. §1983.

IX.

Defendants would affirmatively show that, to the extent Plaintiff may have suffered any injury or damage, such was the result of Plaintiff's own failure to obey the lawful orders given to them by law enforcement officers acting in their official capacities. By verbally and physically resisting and refusing to comply with said officers' lawful orders, Plaintiff's own conduct was the proximate cause of any force which may have been used against him, and rendered any such force used entirely reasonable in light of the officers' own need to ensure their safety as well as to preserve order within the Harrison County Adult Detention Center.

X.

Defendants would show that Plaintiff was afforded all protections due him under

the United States Constitution and that any actions by Defendants were reasonable, proper, and complied with any and all constitutional standards and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights.  Defendants would show that they were not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for medical treatment.  Defendants would further show that all officers were properly and adequately trained and supervised.  Additionally, Defendants would show that any and all policies and procedures pertaining to the operation of the staff of the Harrison County Adult Detention Center were adequate, proper, reasonable and conformed with any and all constitutional standards and/or requirements.

XI.

Defendant Sheriff George Payne, Jr., would show that there can be no liability under Section 1983 under the doctrine of respondeat superior.  Defendant would further show that he did not have actual, subjective knowledge of a substantial risk of serious harm to Plaintiff nor did he respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

XII.

Defendants would show that any and all actions taken on their part were in a good faith effort to maintain order and to properly process Plaintiff into the Harrison County Adult Detention Center following his arrest.

XIII.

To the extent some or all of the injuries suffered by the Plaintiff are the result of a pre-existing condition, the Defendants can have no liability.

XIV.

The Defendants would show and aver that any damages incurred, the same being denied, were solely, directly and proximately the result of the negligent and/or intentional acts or omissions of Plaintiff and/or persons other than the Defendants and were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiff and any and all injuries sustained by the Plaintiff, if any, all of which are denied, and that these activities on the part of the Plaintiff and/or other persons absolve the Defendants herein of any liability whatsoever. In the alternative, the Plaintiff's damages, if any, all of which are denied, were proximately caused by an independent intervening and/or superseding cause such as to bar the Plaintiff's claims against the Defendants.

XV.

That the damages allegedly sustained by Plaintiff are speculative and are not recoverable.

XVI.

That the Defendant reserves his right to setoff and/or credit for any sums paid to Plaintiff and arising out of this incident.

XVII.

Defendants further reserve the right to amend and supplement this Answer and Defenses as discovery and investigation continue.

AND NOW, having fully answered and set forth their Answer, Defenses and Affirmative Defenses to the Amended Complaint, Defendants respectfully requests that they be dismissed from this civil action with their proper costs.

RESPECTFULLY SUBMITTED, this 10th day of January, 2007.

**Harrison County Sheriff's Department and Sheriff George Payne, Jr.**

BY:   DUKES, DUKES, KEATING & FANECA, P.A.


BY:   *s/Cy Faneca*
      CY FANECA

CY FANECA,  MSB #5128
TRACE D. MCRANEY, MSB #9905
DUKES, DUKES, KEATING & FANECA, P.A.
2909 - 13TH STREET, SIXTH FLOOR
POST OFFICE DRAWER W
GULFPORT, MISSISSIPPI 39502
TELEPHONE - (228) 868-1111
FACSIMILE - (228) 863-2886

## **CERTIFICATE OF SERVICE**

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Counsel for Plaintiff:
>>Woodrow W. Pringle, III, Esquire
>>2217 Pass Road
>>Gulfport, MS 39501

>Counsel for Harrison County:
>>Joseph R. Meadows, Esquire
>>Post Office Drawer 550
>>Gulfport, MS   39502

This, the 10th day of January, 2007.

>>>s/Cy Faneca
>>>CY FANECA