UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KASEY D. ALVES**                                                                                                     **PLAINTIFF**

**VERSUS**                                                                           **CIVIL ACTION NO. 1:06cv912LGJMR**

**HARRISON COUNTY, MISSISSIPPI,**
**BY AND THROUGH THE BOARD OF**
**SUPERVISORS; HARRISON COUNTY**
**SHERIFF'S DEPARTMENT; SHERIFF**
**GEORGE PAYNE, JR.; AND HEALTH**
**ASSURANCE, LLC.**                                                                                              **DEFENDANTS**

## AMENDED MOTION TO STAY PROCEEDINGS

ORAL ARGUMENT REQUESTED

COME NOW, Defendants, Harrison County Sheriff's Office and Sheriff George Payne, Jr., by and through their attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., reserving all other defenses and privileges to which they may be entitled, and file this their Motion to Stay these proceedings, and would respectfully show unto the Court the following, to-wit:

I.

Plaintiff filed suit in this Court on August 31, 2006, alleging that Defendants are liable to him on various grounds, including, but not limited to, the use of excessive force against the Plaintiff, as alleged in the Complaint. These claims arise out of an incident which occurred at the Harrison County Adult Detention Center (hereinafter "HCADC"), on or about January 7, 2006. In Plaintiff's first Complaint, he named Regina Rhodes and Ryan Teel as Defendants. Plaintiff subsequently filed a motion requesting leave to amend his Complaint to dismiss Ryan Teel and Regina Rhodes, amongst other

Defendants. The Court granted Plaintiff's motion; however, to date, these Defendants have not been dismissed with prejudice. On January 9, 2007, Plaintiff filed his Amended Complaint in this matter. The Amended Complaint alleges that Plaintiff was subjected to the use of excessive force, amongst various other grounds for which Defendants are liable, arising out of the incident that occurred on January 7, 2006.

**II.**

As established by correspondence received from the United States Department of Justice, which is attached hereto and incorporated herein as **Exhibit "A"**, the Department of Justice (hereinafter "DOJ") and the Mississippi Bureau of Investigation (hereinafter "MBI") have been and currently are conducting an investigation into all allegations of officers using excessive force against inmates at the HCADC. Additionally, as further established by this letter, the DOJ has requested the Harrison County Sheriff's Department not to release or produce any items or information regarding allegations of excessive force with anyone outside the Sheriff's Department, with the exception of the parties in United States v. Teel. See **Exhibit "A"**.

**III.**

This Court has judicial notice that criminal charges have been filed against six (6) officers who were employed by Harrison County Sheriff's Department regarding either the use of excessive force or conspiracy to deprive rights under color of law by way of excessive force while employed at the HCADC. See Criminal Numbers 1:06cr65, 1:06cr116, 1:06cr117, 1:06cr137, 1:06cr79, and 1:07cr4. At this time, there have been five (5) guilty pleas to the criminal charges entered in these cases. Additionally, several

individuals have received target letters wherein it was learned that the individuals are the subject of a grand jury investigation regarding their direct participation or observance of an incident which required the use of force against an inmate while employed at the HCADC.

In regards to Teel, criminal charges have been filed against him regarding Deprivation of Rights Under Color of Law and Falsification of Records in a Criminal Investigation.  See Criminal Number 1:06cr79.  Additionally, in regards to Regina Rhodes, criminal charges have been filed against her for Deprivation of Rights Under Color of Law and Misprision of a Felony, and she has pled guilty to said charges.  See Criminal Number 1:06cr65.

### IV.

First and foremost, since Plaintiff alleged he was subjected to the use of excessive force while at the HCADC, amongst other allegations, this incident is under investigation by both the DOJ and the MBI. This fact is substantiated by DOJ's correspondence attached hereto as **Exhibit "A"**.  Additionally, Plaintiff has already propounded discovery requests in the form of Interrogatories and Requests for Production of Documents on Defendants. Plaintiff's discovery requests specifically seek the same information and/or documentation which the DOJ has requested the Sheriff's Department not to produce at this time. Plaintiff's discovery requests are attached hereto collectively as **Exhibit "B".**  Unless a stay is granted, the Defendants are placed in a position of having to choose between a potential obstruction of justice charge for ignoring the DOJ's request or violating this Court's discovery orders to produce certain

items. If the Defendants attempt to conform to the DOJ's request while simultaneously complying with the Plaintiff's discovery requests, discovery would be severely limited if not completely. This limitation and the restriction placed on the Defendants would severely hamper this case and their ability to mount a defense. Therefore, it is not possible for both cases to proceed simultaneously.

## V.

Additionally, Ryan Teel and Regina Rhodes were previously dismissed from this lawsuit most likely in an attempt to prevent the filing of this Motion to Stay; however, they were not dismissed with prejudice. Therefore, there exists the potential that Plaintiff may subsequently seek to amend this lawsuit to include these individuals at a later date.

## VI.

Notwithstanding the fact that these individuals were dismissed from this proceeding, we are still faced with the same problems as if they were still Defendants. Teel and Rhodes are central fact witnesses to Plaintiff's allegations in this case. It is impossible for Plaintiff to prove his case without their testimony and any reports completed by them. Because the above referenced criminal matters and this present civil action are based on the same facts, Teel and Rhodes, who will be key witnesses, will most likely invoke the privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Teel and Rhodes' Fifth Amendment rights would severely inhibit a search for the truth in this civil case. Therefore, because of the fact that the aforementioned criminal matters churn over the same evidentiary matters and involve some of the same witnesses, this civil suit is not in a posture to proceed at this

time. Moreover, as a matter of public policy, the interest of the United States and criminal justice has priority over a civil suit for monetary damages.

## VII.

The prejudice that Defendants will suffer if this case is not stayed compared with the prejudice that the Plaintiff will suffer is substantial. The subject of Plaintiff's Complaint occurred on or about January 7, 2006, and Plaintiff has just recently filed an Amended Complaint on January 9, 2007; therefore, there will not be any substantial delay to the Plaintiff should this case be stayed. Additionally, all evidence will be preserved by the Harrison County Sheriff's Department; consequently, there is no potential danger of losing any credible evidence.

## VIII.

For the foregoing reasons, the pending criminal cases and ongoing investigation will severely impede discovery, the giving of testimony, and the search for the truth until all have been resolved. Judicial economy and the interest of justice would best be served by granting Defendants' Motion to Stay. Therefore, Defendants respectfully move this Honorable Court to order a stay of this proceeding until such time as any criminal proceedings relating to this incident have been fully resolved. The balance of interest weighs heavily in favor of granting such a stay in this civil monetary suit until justice is served in the criminal law process.

## IX.

In support of their Motion, Defendants rely upon their Memorandum of Authorities submitted to the Court contemporaneously herewith. Pursuant to Uniform Local Rule 7.2(F)(1), Defendants respectfully request an Oral Argument on this Motion before the Court.

WHEREFORE, PREMISES CONSIDERED, Defendants Harrison County Sheriff's Office and Sheriff George Payne, Jr., hereby submit this their Motion to Stay these proceedings and, upon all issues having been duly considered, respectfully request that this Honorable Court enter an order staying all proceedings in this civil action until such time as any and all pending or parallel criminal investigations or proceedings have been resolved and any Fifth Amendment privilege against self-incrimination no longer attaches. Defendants further pray that the Order reserve all defenses and privileges to which these Defendants and all Defendants may be entitled. Defendants pray for such other and further relief as this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 1st day of February, 2007.

**HARRISON COUNTY SHERIFF'S DEPARTMENT AND SHERIFF GEORGE PAYNE, JR., Defendants**

BY: **DUKES, DUKES, KEATING & FANECA, P.A.**

BY: *s/Cy Faneca*
CY FANECA

CY FANECA, MSB #5128
TRACE D. MCRANEY, MSB #9905
HALEY N. BROOM, MSB #101838
**DUKES, DUKES, KEATING & FANECA, P.A.**
2909 - 13TH STREET, SIXTH FLOOR
POST OFFICE DRAWER W
GULFPORT, MISSISSIPPI 39502
TELEPHONE - (228) 868-1111
FACSIMILE - (228) 863-2886

## **CERTIFICATE OF SERVICE**

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Counsel for Plaintiff:
        Woodrow W. Pringle, III, Esquire
        2217 Pass Road
        Gulfport, MS 39501

    Counsel for Harrison County:
        Joseph R. Meadows, Esquire
        Karen Young, Esq.
        Post Office Drawer 550
        Gulfport, MS   39502

This, the 1st day of February, 2007.

                                    *s/Cy Faneca*
                                    CY FANECA