UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KASEY D. ALVES                                         PLAINTIFF

VERSUS                                                CAUSE NO.: 1:06cv912 LG-JMR

HARRISON COUNTY MISSISSIPPI, BY AND
THROUGH THE BOARD OF SUPERVISORS;
HARRISON COUNTY SHERRIFF'S DEPARTMENT;
SHERRIFF GEORGE PAYNE, JR.; DAVID DECELLE;
HEALTH ASSURANCE, LLC; REGINA RHODES,
OFFICIALLY AND IN HHER INDIVIDUAL CAPACITY;
RYAN TEEL, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY; DIANNE GASTON-RILEY, OFFICIALLY AND
IN HER INDIVIDUAL CAPACITY, and UNKNOWN JOHN
AND JANE DOES A-Z, IN THEIR OFFICIAL AND
INDIVIDUAL CAPACITIES                           DEFENDANTS

**PLAINTIFF'S INTERROGATORIES PROPOUNDED TO DEFENDANT,
HARRISON COUNTY SHERIFF'S DEPARTMENT
AND SHERIFF GEORGE PAYNE, JR.**

**COMES NOW** the Plaintiff, Kasey D. Alves, by and through counsel, and pursuant to F.R. Civ. P.33, propounds the following Interrogatories to the Defendant to be answered separately, in writing, and under oath. They are to be considered ongoing and any change from the response provided, whether occasioned by new information, correction of misinformation or other reason should be made promptly at any time prior to trial.

**INTERROGATORY NO: 1**: State the name, address and telephone number of each person or persons the Defendant has ascertained who may have knowledge or discoverable evidence


EXHIBIT "B"

relating to the subject matter of the present litigation.

**INTERROGATORY NO: 2**:    State the name, address and telephone number of each witness the Defendant will or may call in the trial of this Cause.

**INTERROGATORY NO: 3**:    State the names, addresses and telephone numbers of all expert witnesses you will call or may call at the trial of this matter and state the following about each such expert:

    A.    The subject matter on which the expert is expected to testify;

    B.    The substance of facts and opinions to which said expert is expected to testify;

    C.    Such expert's qualifications and area of expertise;

    D.    Summary of the grounds for each opinion to which each expert is expected to testify.

**INTERROGATORY NO: 4**:    Describe all documentary and/or tangible evidence you intend to introduce at the trial of this Cause.

**INTERROGATORY NO: 5**:    State the name, address and telephone number of any insurance carrier whose responsibility it is to defend claims such as the one herein made by the Plaintiffs as against the Defendant, and state the monetary limitations of the insurance policy or policies as reflected in said policy.

**INTERROGATORY NO: 6**:    Please state the names of all persons known by you to have been a witnesses to the incident giving rise to this litigation, including name, address, employer and telephone number.

**INTERROGATORY NO: 7**:    Please describe the activity in which the Defendant was

engaged at the time and place of the occurrence giving rise to this litigation.

**INTERROGATORY NO: 8**:     Describe in detail without limitation, any statement written or oral made by the Plaintiff concerning the subject occurrence.

**INTERROGATORY NO: 9**:     State whether or not there is or was in existence any policy of insurance that would or might inure to the benefit of the Plaintiff herein, by providing for payment of a part or all of any Judgment rendered in favor of the Plaintiff against the Defendant or against any other person, firm or corporation who is or may be liable to the Plaintiff by reason of the incident described in the Complaint, and if your answer is in the affirmative, state as follows as to each such policy of insurance known or believed to exist by your or your attorneys.

    A.    The name and address of the insurer of each such policy;

    B.    The name and address of each insured on each such policy;

    C.    The relationship, if any, between each named insured on each such policy and any named Defendant in this Cause;

    D.    The policy number of each such policy.

    E.    The name and address of any person, firm or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the Complaint, and the relationship, of any, between such "additional insured" and any named Defendant in this Cause;

    F.    The limits of liability in such policy as might be applied to any one Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of

any one incident;

G. Whether or not any insurer has notified any insured that said insured or any other person, firm or corporation must pay a part of or all of any judgment before the insurer must make any payment; if so, what payment must be made and by whom before the insurer must make payment;

H. Whether or not any insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved;

(1) If the answer to subparagraph (h) is in the affirmative, describe the reason as stated by said insurer (identifying same) to said insured (identifying same), and state the date of such notice. NOTE: If such policy defense is withdrawn or waived, this subparagraph need not be answered.

I. The exact name and address of the resident agent of each insurance company.

**INTERROGATORY NO. 10**: Is this action being defended under any reservation of the right by your insurance carrier? If your answer to this Interrogatory is in the affirmative, please explain in detail.

**INTERROGATORY NO. 11**: Are you protected against the type of risk sued upon herein by any:

A. Reinsurance;

B. Excess Insurance.

**INTERROGATORY NO. 12**: If your answer to either of the subdivisions of the

4

preceding Interrogatory is in the affirmative, for each such coverage, state:

    A.    The name and address of the insurer;

    B.    The number of the policy;

    C.    The form of insurance;

    D.    The effective dates of coverage;

    E.    The amount of coverage;

    F.    The name, address and telephone number of the person or entity who has possession of the policy and the reinsurance or excess insurance clauses.

**INTERROGATORY NO. 13**:    Have you in your possession any photographs, video tapes or film of the Plaintiff and/or the subject matter of the present litigation?

**INTERROGATORY NO. 14**:    For each affirmative defense set forth in your answer, please state the following:

    A.    The factual basis for your affirmative defense.

    B.    The legal basis for the affirmative defense.

    C.    The name, address and telephone number of each individual you allege has knowledge concerning the affirmative defense.

    D.    Identify and list each document you contend supports your affirmative defense.

**INTERROGATORY NO. 15:**    State whether an investigation of the Plaintiff's allegations which occurred on or about January 7, 2006, has been performed, whether performed for any department or agency of any local, state or federal government, or for

the Defendant, its insured, agents, or for any other party and for each such person conducting the investigation state the following:

A. The person's employer.

B. Dates of the investigation.

C. Whether any photographs were taken or drawings were made and if so, the names and addresses of all persons having copies of such photographs or drawings.

D. Whether any video tapes were taken or reviewed and if so, the names and addresses of all persons having copies or originals of the video tapes.

E. Whether statements in any form were taken, and if so, the names and addresses of all persons from whom the statements were taken, the form of the statements and the name and address of the person having originals, copies or transcripts of such statements.

F. A description and list of all tangible, physical or other evidence or information which was obtained during the investigation.

G. Whether a report or any other documents were prepared during or as a result of the investigation, and if so, list and describe all documents prepared and the name and address of every person having the original or a copy of the reports or documents.

**INTERROGATORY NO. 16:** List all complaints filed by any citizen, whether through lawsuit or in any other manner alleging abusive, violent or other inappropriate

behavior by members of the Harrison County Sheriff's Department in the Harrison County Detention Facility. If reports or lawsuits were made concerning the complaints, list and describe each document, the cause number and court where suit was filed and the name and address of individual having originals or copies of such documents.

**INTERROGATORY NO. 17:**    List the name, address and telephone number of any individuals who have been terminated, asked to resign or otherwise lost their employment with the Harrison County Sheriff's Department following the incident that occurred January 7, 2006.

**INTERROGATORY NO. 18:**    Other than this lawsuit, have you ever been a Defendant in any other suit wherein it was alleged that abuse, violent or other inappropriate behavior occurred at the Harrison County Detention Facility? If so, state the following:

A.   Name of the party and style of litigation.

B.   Facts of the Complaint.

C.   City, State or County where litigation was filed.

D.   Results or outcome of litigation.

**INTERROGATORY NO. 19:**    Have you settled with any other person, any claims alleging abuse, violent or other inappropriate behavior at the Harrison County Detention Facility? If so, state the following:

A.   The name, address and telephone number of the individual with whom you settled

7

the claim.

B.    The amount of the settlement.

C.    The facts of the claim which led you to settle the claim.

D.    List and describe any documents that were reviewed in determining that the claim should be settled.

E.    State whether or not the Harrison County Sheriff submits to Harrison County or its Board of Supervisors, its internal operational procedures, manuals or other documents. If so, list and describe each document.

**INTERROGATORY NO. 20:** State whether or not on January 7, 2006, there was a plan or policy in place at the Harrison County Detention Facility to provide medical care to detainees/inmates. If so, was the plan in writing? State the contents of the plan or policy.

**INTERROGATORY NO. 21:** State whether or not there is a civilian or civil service board appointed to review and make recommendations concerning any Complaints filed by citizens against the Harrison County Detention Facility or the employees. If so, state the name, address and telephone number of the members for the past five years.

**INTERROGATORY NO. 22:** State what oversight, supervision or monitoring is performed by either Harrison County, its Board of Supervisors, its agents or representatives concerning the operation of the Harrison County Detention Facility. State

whether or not you have a copy of the narrative form or other document written by Madelyn Dedeaux or any other Harrison County Sheriff's Department employee concerning the incident that is the subject of this litigation. State whether or not you have a copy of any reports submitted by you, Harrison County Sheriff, Harrison County Detention Facility Employees or anyone else concerning a report submitted to the United States Justice Department.

**INTERROGATORY NO. 23:** State whether or not you received a copy of the 1995 Federal Court Order to improve conditions and guaranty inmate rights at the Harrison County Detention Facility. If so, state the date you received the Order and all actions you have taken to implement the Federal Court Order.

**INTERROGATORY NO. 24:** State whether or not you receive the quarterly package or reports the Harrison County Detention Facility is required to submit under the 1995 Federal Court Order. If so, state the individual or entity that has possession of the packages/reports.

**INTERROGATORY NO. 25:** State the name, address and telephone number of all employees who worked in the Harrison County Detention Facility January 7, 2006.

**INTERROGATORY NO. 26:** State the name, address and telephone number of any Harrison County Detention Facility employees who have made statements or given information concerning the allegations that are the subject of this Complaint.

**INTERROGATORY NO. 27:** State the amount of money spent to investigate and defend any claims of abusive, violent of other inappropriate behavior at the Harrison County Detention Facility since 1995.

**RESPECTFULLY SUBMITTED** this the 24 day of October, 2006.

                                                                   KASEY D. ALVES

                              BY: _____
                                      WOODROW W. PRINGLE, III

## CERTIFICATE OF SERVICE

I, WOODROW W. PRINGLE, III, certify that I have this date forwarded by United States Mail, postage prepaid, a true and correct copy of the above and foregoing PLAINTIFF'S INTERROGATORIES PROPOUNDED TO DEFENDANT, HARRISON COUNTY SHERIFF'S DEPARTMENT AND SHERIFF GEORGE PAYNE, JR., to the following at his usual mailing address:

Cy Faneca, Esq.
Attorney at Law
P.O. Drawer W
Gulfport, Mississippi 39502

**SO CERTIFIED,** this the 25 day of Oct., 2006.

WOODROW W. PRINGLE, III

WOODROW W. PRINGLE, III
MSB NUMBER: 4513
2217 PASS ROAD
GULFPORT, MS 39501
(228) 868-8355 (PHONE)
(228) 868-8433 (FAX)

11