UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KASEY D. ALVES**                                                                                           **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 1:06cv912LGJMR**

**HARRISON COUNTY, MISSISSIPPI,
BY AND THROUGH THE BOARD OF
SUPERVISORS; HARRISON COUNTY
SHERIFF'S DEPARTMENT; SHERIFF
GEORGE PAYNE, JR.; AND HEALTH
ASSURANCE, LLC.**                                                                  **DEFENDANTS**

**AMENDED MEMORANDUM OF AUTHORITIES IN SUPPORT OF
<u>MOTION TO STAY PROCEEDINGS</u>**

ORAL ARGUMENT REQUESTED

COME NOW, Defendants, Harrison County Sheriff's Office and Sheriff George Payne, Jr., by and through their attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., reserving all other defenses and privileges to which they may be entitled, and file this their Memorandum of Authorities in Support of Motion to Stay these proceedings, and would respectfully show unto the Court the following, to-wit:

**I.      BACKGROUND**

Plaintiff filed suit in this Court on August 31, 2006, alleging that Defendants are liable to him on various grounds, including, but not limited to, the use of excessive force against the Plaintiff, as alleged in the Complaint. These claims arise out of an incident which occurred at the Harrison County Adult Detention Center (hereinafter "HCADC"), on or about January 7, 2006. In Plaintiff's first Complaint, he named Regina Rhodes and Ryan Teel as Defendants. Plaintiff subsequently filed a motion requesting leave to

amend his Complaint to dismiss Ryan Teel and Regina Rhodes, amongst other Defendants. The Court granted Plaintiff's motion; however, to date, these Defendants have not been dismissed with prejudice. On January 9, 2007, Plaintiff filed his Amended Complaint in this matter. The Amended Complaint alleges that Plaintiff was subjected to the use of excessive force, amongst various other grounds for which Defendants are liable, arising out of the incident that occurred on January 7, 2006.

As established by correspondence received from the United States Department of Justice, which is attached to the Motion as **Exhibit "A"**, the Department of Justice (hereinafter "DOJ") and the Mississippi Bureau of Investigation (hereinafter "MBI") have been and currently are conducting an investigation into all allegations of officers using excessive force against inmates at the HCADC. Since Plaintiff alleges he was subjected to the use of excessive force while at the HCADC, amongst other allegations, this incident is under investigation by both the DOJ and the MBI. Additionally, as further established by this letter, the DOJ has requested the Harrison County Sheriff's Department not to release or produce any items or information regarding allegations of excessive force with anyone outside the Sheriff's Department, with the exception of the parties in United States v. Teel. See **Exhibit "A"**.

This Court has judicial notice that criminal charges have been filed against six (6) officers who were employed by Harrison County Sheriff's Department regarding either the use of excessive force or conspiracy to deprive rights under color of law by way of excessive force while employed at the HCADC. See Criminal Numbers 1:06cr65, 1:06cr116, 1:06cr117, 1:06cr137, 1:06cr79, and 1:07cr4. At this time, there have been five (5) guilty pleas to the criminal charges entered in these cases. Additionally, several

individuals have received target letters wherein it was learned that the individuals are the subject of a grand jury investigation regarding their direct participation or observance of an incident which required the use of force against an inmate while employed at the HCADC.

In regards to Teel, criminal charges have been filed against him regarding Deprivation of Rights Under Color of Law and Falsification of Records in a Criminal Investigation.  See Criminal Number 1:06cr79.  Additionally, in regards to Regina Rhodes, criminal charges have been filed against her for Deprivation of Rights Under Color of Law and Misprision of a Felony, and she has pled guilty to said charges.  See Criminal Number 1:06cr65.

## II.   LEGAL ARGUMENT

The Fifth Circuit has recognized a clear cut distinction between private interests in civil litigation and the public interest in a criminal prosecution and between a civil trial and a criminal trial.  "The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority:  which case should be tried first."  Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962).  Because administrative policy gives priority to the public interest in law enforcement, the Fifth Circuit has held that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims.  See id.  In handling motions for a stay of a civil suit until the disposition of criminal prosecution on related matters, "a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases."  Id.

The legal standard in the Fifth Circuit for staying a civil case pending parallel criminal proceedings is that a party seeking a stay must show "special circumstances"

and the need to avoid "substantial and irreparable prejudice."  SEC v. Kornman, 2006 U.S. Dist. LEXIS 2107 (N.D. Tex., Jan. 18, 2006)(citing United States v. Little Al, 712 F.2d 133, 136 (5th Cir. 1983) (in turn quoting SEC v. First Fin. Group of Tex., Inc., 659 F.2d 660, 668 (5th Cir. Oct. 1981)).  Moreover, in deciding whether to grant a request to stay the civil side of parallel civil/criminal proceedings: "[j]udicial discretion and procedural flexibility should be used to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other."Id. See also, Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962); SEC v. Mutuals.Com, Inc., 2004 U.S. Dist. LEXIS 13718, 2004 WL 1629929 at * 2 (N.D. Tex. July 20, 2004)(citing United States v. Gieger Transfer Serv., Inc., 174 F.R.D. 382, 385 (S.D.Miss. 1997)).

     Other federal appellate courts have addressed this issue as well.  While the Constitution does not automatically require a stay of civil proceedings pending the outcome of related criminal proceedings, a court has the discretion to stay civil proceedings when the interests of justice seem to require such action.  See Afro-Lecon, Inc. v. United States, 820 F.2d 1198, 1202 (Fed. Cir. 1987).  In addressing previous appellate decisions on this issue, the Federal Circuit Court of Appeals agreed with the approach that a court should make a case by case determination of whether to grant a stay of civil proceedings.  See id.  Other than where there is specific evidence of the government's bad faith or malicious tactics,

> the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.  The non-criminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of

> Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.

Id. at 1203 (quoting Securities and Exchange Commission v. Dresser Indus., Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980), cert. denied, 449 U.S. 993 (1980)). A court should stay one of the proceedings pending the completion of the other.

"It has long been the practice to 'freeze' civil proceedings when a criminal prosecution involving the same facts is warming up or under way." Peden v. United States, 512 F.2d 1099, 1103 (Ct. Cl. 1975). In discussing the Peden decision, the Afro-Lecon court noted that such a freeze was desirable not only for the protection of the Fifth Amendment privilege against self-incrimination, but also out of a sense that pursuing a deferrable civil proceeding would constitute improper interference with the criminal proceeding if it churns over the same evidentiary material. See Afro-Lecon, 820 F.2d at 1204 (quoting Peden, 512 F.2d at 1103).

Courts from other jurisdictions have outlined several factors that should be considered when determining whether "special circumstances" warrant a stay, including: 1) the extent to which the issues in a criminal case overlap with those presented in the civil case; 2) the status of the criminal case, including whether defendants have been indicted; 3) the private interest of the plaintiff in proceeding expeditiously, weighed against the prejudice of plaintiff's caused by the delay; 4) the private interest of and burden on the defendants; 5) the interest of the court; and 6) the public interest. Heller Healthcare Finance, Inc. v. Boyes, 2002 U.S. Dist. LEXIS 12743 (N.D. Tex. July 15, 2002).

5

In the case at bar, special circumstances exist. The above referenced criminal matters and the present civil case are based on the same facts and churn over the same evidentiary matters. Additionally, Plaintiff has already propounded discovery requests in the form of Interrogatories and Requests for Production of Documents on Defendants. Plaintiff's discovery requests specifically seek the same information and/or documentation which the DOJ has requested the Sheriff's Department not to produce at this time. Plaintiff's discovery requests are attached collectively to Defendants' Motion as **Exhibit "B"**. Unless a stay is granted, the Sheriff is placed in the position of having to choose between a potential obstruction of justice charge for ignoring the DOJ's request or violating this Court's discovery orders to produce certain items. If Defendants attempt to conform to the DOJ's request while simultaneously complying with the Plaintiff's discovery requests, discovery would be severely limited, and this limitation and the restrictions placed on the Defendants would severely hamper their defense of this case.

In Founding Church of Scientology v. Kelley, 77 F.R.D. 378 (D.D.C. 1977), the Court was faced with a factually similar issue. In Kelley, the government requested a stay of discovery in church's action against government officials pending the outcome of grand jury proceedings. Id. at 379. The Court found that the movant's need for the information sought was outweighed by the government's need to prevent interference with the criminal investigation. Id. at 381. The Court held that the government's interest in preserving the secrecy of the ongoing criminal investigation outweighed the movant's need for the information. Id.

Therefore, in order to harmonize these civil proceedings and the applicable discovery rule, which conflict with the DOJ's request, and to prevent this civil

proceeding from interfering with the criminal investigation, a stay is warranted in this suit.

Another special circumstance which exists is the fact that two central witnesses, Ryan Teel and Regina Rhodes, are currently involved in parallel criminal proceedings which are based on similar facts and circumstances. Plaintiff most likely dismissed these individuals from this lawsuit in order to prevent the granting of this Motion to Stay; however, we are still faced with the same problems as if they were Defendants, because Teel and Rhodes are central witnesses to Plaintiff's allegations. Plaintiff will be unable to prove his case without their testimony and any reports completed by them. Teel and Rhodes will most likely invoke their privilege against self-incrimination under the Fifth Amendment to the United States Constitution in this civil proceeding when called to testify. These key witnesses' Fifth Amendment rights would severely inhibit a search for the truth in this civil case.

Just as in Afro-Lecon, Inc., where grand jury investigations were occurring, Afro-Lecon, the Plaintiff, moved to suspend the civil proceedings because key witnesses such as officers, former employees, and consultants were advised by counsel not to participate in the civil litigation in order to avoid incrimination in the criminal proceedings. See Afro-Lecon, 820 F.2d at 1200. The appeals court ultimately vacated and remanded the Board's order denying the Plaintiff's Motion to Stay civil proceedings until the completion of the criminal proceedings. See id. at 1207. Therefore, a stay is warranted in this case at bar as it was in Afro-Lecon, Inc. v. United States.

Lastly, Plaintiff's prejudice is slight, if any, as compared to the substantial and irreparable prejudice that the Defendants may face. Plaintiff's cause of action allegedly

7

occurred in or around January, 2006, and Plaintiff has only recently filed his Amended Complaint in January, 2007. Discovery in this case has not yet commenced. The status of Plaintiff's case is in stark contrast to the status of the ongoing criminal investigation, which is steadily forthcoming with criminal indictments and charges. There is no danger of any serious prejudice to Plaintiff by delaying this case until all criminal proceedings have been resolved. There exists no danger of a loss of credible evidence since all evidence will be preserved by the Harrison County Sheriff's Department. Therefore, due to the numerous issues as stated above, the Defendants would face substantial and irreparable prejudice if this case is not stayed.

The balance of interest weighs heavily in favor of granting such a stay, since the prejudice to Plaintiff would be slight, if any. On the other hand, forcing Defendants to simultaneously defend this civil action during the pendency of the ongoing criminal proceeding involving the same facts, with both the limitation placed by the DOJ and the likely invocation of the key witnesses' Fifth Amendment rights against self-incrimination, Defendants would be severely and impossibly prejudiced. Therefore, judicial economy and the interest of justice would best be served by granting Defendants' Motion to Stay, rather than attempting piecemeal litigation between the parties while the ongoing investigation and the criminal cases are pending. For these reasons, the case by case balancing of interests weighs very heavily in favor of staying this case.

## III.     CONCLUSION

Based on the foregoing, Defendants Harrison County Sheriff's Office and Sheriff George Payne, Jr., hereby file this their Memorandum in Support of Motion to Stay these proceedings and, upon all issues having been duly considered, respectfully request that this Honorable Court enter an order staying all proceedings in this civil

action until such time as any or all pending and/or parallel criminal investigations or proceedings have been resolved, and the key witnesses' Fifth Amendment privilege against self-incrimination no longer attaches. Defendants pray for such other and further relief as this Honorable Court deems appropriate.

    RESPECTFULLY SUBMITTED, this the 1st day of February, 2007.

           **HARRISON COUNTY SHERIFF'S DEPARTMENT AND SHERIFF GEORGE PAYNE, JR., Defendants**

           **BY:   DUKES, DUKES, KEATING & FANECA, P.A.**

           BY:   *s/Cy Faneca*
                      CY FANECA

CY FANECA, MSB #5128
TRACE D. MCRANEY, MSB #9905
HALEY N. BROOM, MSB #101838
**DUKES, DUKES, KEATING & FANECA, P.A.**
2909 - 13TH STREET, SIXTH FLOOR
POST OFFICE DRAWER W
GULFPORT, MISSISSIPPI 39502
TELEPHONE - (228) 868-1111
FACSIMILE - (228) 863-2886

## **CERTIFICATE OF SERVICE**

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Counsel for Plaintiff:
>>Woodrow W. Pringle, III, Esquire
>>2217 Pass Road
>>Gulfport, MS 39501

>Counsel for Harrison County:
>>Joseph R. Meadows, Esquire
>>Karen Young, Esq.
>>Post Office Drawer 550
>>Gulfport, MS   39502

This, the 1st day of February, 2007.

>>>*s/Cy Faneca*
>>>CY FANECA