IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KASEY D. ALVES.**                                                     **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO.1:06-CV-912 LG JMR**

**HARRISON COUNTY MISSISSIPPI, ET AL.**                 **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECTION 1981 CLAIM
BY DEFENDANT HEALTH ASSURANCE LLC**

Defendant Health Assurance LLC (Health Assurance) has moved to dismiss the claim Plaintiff Kasey D. Alves makes under 42 U.S.C. § 1981 because he fails to state a claim upon which relief can be granted.

"At this stage of the litigation, [the Court] must accept [the Amended Complaint's] allegations as true. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

The Amended Complaint (Document # 31) alleges Plaintiff Alves was assaulted and denied medical care and in other ways mistreated while a pre-trial detainee in the Harrison County Detention Facility on January 7, 2006. The Amended Complaint alleges violation of 42 U.S.C. §1981, among other federal statutory and constitutional provisions. (¶ 1). The Amended Complaint does not allege the defendants discriminated against Plaintiff on the basis of race. In fact, Plaintiff's race is not alleged in the Amended Complaint.

Section 1981 reads in applicable part:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

This statute [§ 1981] was originally enacted as Section 1 of the Civil Rights Act of 1866 pursuant to the congressional power to eradicate slavery provided by the Thirteenth Amendment which had been ratified in 1865. After ratification of the Fourteenth Amendment in 1868, the statute was reenacted as Section 16 of the Civil Rights Act of 1870 in order to remove any doubt of Congress' constitutional authority to pass such legislation.

*Aldridge v. Tougaloo College*, 847 F. Supp. 480, 486 (S.D .Miss. 1994).

" 'The legislative history of the 1866 Act clearly indicates that Congress intended to protect a limited category of rights, specifically defined in terms of racial equality.' "  *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375, 384, 102 S.Ct. 3141, 73 L. Ed.2d 835 (1982) (quoting *Georgia v. Rachel*, 384 U.S. 780, 791, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966)). *See Runyon v. McCrary,* 427 U.S. 160, 168, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-60, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 410 U.S. 431, 439-40, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973); *Jones v. Alfred H. Mayer Co*., 392 U.S. 409, 441-43, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968).

To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute.

*Green v. State Bar o*f Texas, 27 F.3d 1083, 1086(5th Cir.1994).

In *Aldridge v. Tougaloo College*, the Court dismissed plaintiff's claim for sex discrimination under 42 U.S.C. § 1981 because it contained no race-based claim:

> Plaintiff makes no allegations of race discrimination in her complaint. Accordingly, plaintiff's section 1981 claim fails to state a claim upon which relief can be granted and should be dismissed.

847 F. Supp. at 487. *Accord*, *Green v. State Bar of Texas*, 27 F.3d at 10886-1087. ("Appellant has failed to allege facts in his complaint that place him in the ambit of protection under § 1981. . .. Accordingly, Appellant has presented no viable claim upon which relief can be granted under §1981".).

Plaintiff Alves does not allege his race and he does not allege the defendants prevented him from engaging in any of the activities listed in the statute because of his race. Therefore, he has not stated a claim under 42 U.S.C. § 1981 upon which relief can be granted.

**FOR THE FOREGOING REASONS**, Health Assurance asks the Court to dismiss the claim made by Plaintiff Alves under 42 U.S.C. § 1981.

This the 5th day of February, 2007.

          Respectfully submitted,

          **HEALTH ASSURANCE, LLC**

          s/ *Robert H. Pedersen*
            Walter T. Johnson (MSB #8712)
            Robert H. Pedersen (MSB #4084)

**OF COUNSEL:**
Walter T. Johnson, Esq.
Robert H. Pedersen, Esq.
WATKINS & EAGER, PLLC
The Emporium Building
400 East Capitol Street, Suite 300
P. O. Box 650

Jackson, Mississippi 39205
Phone: (601) 948-6470
Fax:    (601) 354-3623

## **CERTIFICATE OF SERVICE**

I, Robert H. Pedersen, as counsel for the Defendant Health Assurance, LLC, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

      Woodrow W. Pringle, III      woodypringle3@bellsouth.net
      2217 Pass Road
      Gulfport, MS 39501
          *Attorney for Plaintiff*

      Karen Jobe Young      kyoung@datasync.com
      Meadows Riley Law Firm
      Post Office Drawer 550
      Gulfport, Mississippi 39502
          *Attorney for Defendant Harrison County, Mississippi*

      Cyril T. Faneca      cy@ddkf.com
      Dukes, Dukes, Keating & Faneca
      P.O. Drawer W
      Gulfport, Mississippi 39502
          *Attorney for Defendants Harrison County Sheriff's Department*
          *and Sheriff George Payne, Jr.*

and I hereby certify that I have mailed by United States Postal Service a true and correct copy of the above and foregoing pleading to the following non-ECF participants:

      None.

This the 5th day of February, 2007.

                      s/ *Robert H. Pedersen*
                      Walter T. Johnson
                      Robert H. Pedersen

L:\1846\0003 HEALTH ASSURANCE CASES\29726 Alves v. Harrison County\PLEADINGS\Memo.Motion.Dismiss.Section.1981.Claim.wpd