IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KASEY D. ALVES.**                                                                           **PLAINTIFF**

**V.**                                 **CIVIL ACTION NO.1:06-CV-912 LG JMR**

**HARRISON COUNTY MISSISSIPPI, ET AL.**                      **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIFTH AMENDMENT CLAIM
BY DEFENDANT HEALTH ASSURANCE LLC**

Defendant Health Assurance LLC (Health Assurance) has moved to dismiss the claim Plaintiff Kasey D. Alves makes under the Due Process Clause of the Fifth Amendment to the United States Constitution because he fails to state a claim upon which relief can be granted.

"At this stage of the litigation, [the Court] must accept [the Amended Complaint's] allegations as true.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

The Amended Complaint (Document # 31) alleges Plaintiff Alves was assaulted and denied medical care while a pre-trial detainee in the Harrison County Detention Facility on January 7, 2006. (¶¶ 2-3). The named defendants include Harrison County and Harrison County Sheriff George Payne, Jr. but the Amended Complaint does not name any federal official as a defendant.  (¶¶ 10-13).  The Amended Complaint alleges "the defendants were vested with State authority. . .. and [w]hile acting under color of State Law. . . engaged in a course of conduct that resulted in a violation of the

Plaintiff's right . . . to procedural and substantive due process pursuant to the 5th and the 14th Amendments of the Constitution. . ..." (¶ 6).

> The Constitution's two Due Process Clauses are embodied in the Fifth and Fourteenth Amendments, and each "guarantee[s] a level of procedural protection before a person's life, liberty or property can be impinged upon by the government." *Beo v. District of Columbia*, 44 F.3d 1026, 1027 (D.C.Cir.1995). The Fifth Amendment restrains the federal government from depriving any person of life, liberty, or property without due process of law. U.S. CONST. amend. V. The Fourteenth Amendment, on the other hand, restrains the states from depriving any person of life, liberty, or property without due process of law. U.S. CONST. amend. XIV, § 1.

*Smith v. U.S.*, 277 F.Supp.2d 100, 105 (D.D.C. 2003). *Accord*, *Spencer v. Bouchard*, 449 F.3d 721, 727 & n.3 (6th Cir. 2006)("However, state pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause,...." "Federal pretrial detainees are similarly protected by the Fifth Amendment's Due Process Clause."); *Massey v. Wheeler*, 221 F.3d 1030, 1036 n.1 (7th Cir. 2000)("The Fourteenth Amendment creates a due process right against the states . . . while the Fifth Amendment guarantees due process by the federal government."); *Wrinkles v. Davis*, 311 F.Supp.2d 735, 738 (N.D. Ind. 2004)("The Fifth Amendment's due process clause applies only to acts of the federal government and does not limit actions of state officials.").

The Third Circuit, during a review of the district court's dismissal of pre-trial detainees' due process claims, noted: "The Fifth Amendment Due Process Clause was implicated in *Bell*[*v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)] because the plaintiffs were federal pre-trial detainees. Inasmuch as we are here concerned with state pre-trial detainees, any applicable constraints must arise from the Due Process Clause of the Fourteenth Amendment." *Hubbard v. Taylor*, 399 F.3d 150, 158 n.13(3rd Cir.2005).

The federal district court in Alabama made these comments when ruling on inmate Newsome's Fifth and Fourteenth Amendment claims:

> Violations of the Fifth and Fourteenth Amendments are the last of Newsome's allegations of constitutional deprivation under § 1983. Newsome avers that her substantive and procedural due process rights as a pretrial detainee, including the right to be free from cruel and unusual punishment during detention and the right not to be subjected to punishment without a hearing, were transgressed by the Officer Defendants' use of physical force without a legitimate governmental purpose. Newsome also asserts that the Defendants' actions were motivated by invidious gender animosity and as such breached her right to equal protection.
> At the outset, the Court recognizes that Newsome's due process claims are properly asserted under the Fourteenth Amendment because they are brought against state officials. The Due Process Clause of the Fourteenth Amendment supplies the applicable legal standards for claims involving state or local mistreatment of pretrial detainees, *see Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir.1996), whereas the Fifth Amendment's Due Process Clause applies only to the federal government. *See Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Thus, to the extent the complaint makes allegations under the Fifth Amendment, those claims must be dismissed. However, the Court's dismissal of Newsome's claims under the Fifth Amendment does not affect her Fourteenth Amendment claims.

*Newsome v. Lee County, Ala.*, 431 F.Supp.2d 1189, 1198 (M.D. Ala. 2006). *Accord*, *Bussey v. Phillips*, 419 F. Supp.2d 569, 586 (S.D. N.Y. 2006)("[Inmate] Bussey's citation to the Fifth Amendment is inapposite. Bussey's due process claims are against state, not federal, actors, and thus the Fourteenth Amendment, rather than the Fifth Amendment, applies to these claims.").

Plaintiff Alves names no federal officials as defendants. Therefore, he has not stated a claim under the Due Process Clause of the Fifth Amendment upon which relief can be granted.

**FOR THE FOREGOING REASONS**, Health Assurance asks the Court to dismiss the claim made by Plaintiff Alves under the Due Process Clause of the Fifth Amendment to the United States Constitution.

This the 5th day of February, 2007.

        Respectfully submitted,

        **HEALTH ASSURANCE, LLC**

        s/ *Robert H. Pedersen*
          Walter T. Johnson (MSB #8712)
          Robert H. Pedersen (MSB #4084)

**OF COUNSEL:**
Walter T. Johnson, Esq.
Robert H. Pedersen, Esq.
WATKINS & EAGER, PLLC
The Emporium Building
400 East Capitol Street, Suite 300
P. O. Box 650
Jackson, Mississippi 39205
Phone: (601) 948-6470
Fax:    (601) 354-3623

## **CERTIFICATE OF SERVICE**

    I, Robert H. Pedersen, as counsel for the Defendant Health Assurance, LLC, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Woodrow W. Pringle, III        woodypringle3@bellsouth.net
    2217 Pass Road
    Gulfport, MS 39501
        *Attorney for Plaintiff*

    Karen Jobe Young        kyoung@datasync.com
    Meadows Riley Law Firm
    Post Office Drawer 550
    Gulfport, Mississippi 39502
        *Attorney for Defendant Harrison County, Mississippi*

    Cyril T. Faneca        cy@ddkf.com
    Dukes, Dukes, Keating & Faneca
    P.O. Drawer W
    Gulfport, Mississippi 39502
        *Attorney for Defendants Harrison County Sheriff's Department*

*and Sheriff George Payne, Jr.*

and I hereby certify that I have mailed by United States Postal Service a true and correct copy of the above and foregoing pleading to the following non-ECF participants:

None.

This the 5th day of February, 2007.

                                      s/ *Robert H. Pedersen*
                                         Walter T. Johnson
                                         Robert H. Pedersen

L:\1846\0003  HEALTH ASSURANCE CASES\29726 Alves v. Harrison County\PLEADINGS\Memo.Motion.Dismiss.Fifth.Amendment.Claim.wpd

5