UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KASEY D. ALVES**                                                      **PLAINTIFF**

**VERSUS**                                           **CAUSE NO.: 1:06cv912 LG-JMR**

**HARRISON COUNTY MISSISSIPPI, BY AND
THROUGH THE BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF'S DEPARTMENT;
SHERRIFF GEORGE PAYNE, JR.; AND
HEALTH ASSURANCE, LLC**                         **DEFENDANTS**

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO
AMENDED MOTION TO STAY PROCEEDINGS**</u>

This Memorandum is submitted on behalf of the Plaintiff, Kasey D. Alves, in opposition to the Motion to Stay Proceedings filed by Harrison County Sheriff's Office and Sheriff George Payne, Jr.

On January 7, 2006, Plaintiff was a detainee at the Harrison County Adult Detention Center. While detained, Plaintiff alleges that he was physically assaulted by Harrison County Sheriff's Department Deputies. In addition, the Plaintiff alleges he was placed in a restraint chair where he was allowed to remain 7-8 hours, causing renal failure.

The Harrison County Sheriff's Office and Sheriff George Payne, Jr., have filed a Motion to Stay Proceedings. The Defendants seek to invoke Fifth Amendment privileges for non parties. In addition, the Defendants claim that they have been requested not to provide information concerning criminal investigation. However, five of the six defendants who are subject to criminal investigation have entered pleas of guilty. Ryan Teel remains the sole defendant who has not pled guilty or been tried. The Defendants make general allegations concerning the need for the stay. However, the Defendants have not shown acts which specifically support a showing

of special circumstances and the need to avoid substantial and irreparable prejudice.  The Defendants imply that it is the Plaintiff's burden to show that he will suffer prejudice if the stay is granted.  However, this is not the legal standard applicable to the request for a stay.

It must be remembered that the individuals who can invoke the Fifth Amendment privilege are not Defendants in this cause. Nor is there an allegation that any of the Defendants in this cause are "target individuals".

Though a District Court may stay a civil proceeding during the pendency of a parallel criminal proceeding, such a stay contemplates special circumstances and the need to avoid substantial and irreparable prejudice.  *United States v. Little Al*, 712 F2d 133, (5th Cir. 1983); *SEC v. First Fin. Group of Texas, Inc.*, 659 F2d 660, (5th Cir. 1981); *Securities and Exchange Commission v. Kornman*, 2006 U.S. District Lexis, 2107 (U.S.D.C., ND, TX, 2006).

The mere relationship between criminal and civil proceedings and the prospect that discovery in the civil case could prejudice the criminal proceeding, does not establish the requisite good cause for a stay.  *Ramu Corp. v. 660 North Mesa, El Pasa, TX*, 905 F2d 312, (5th Cir. 1990); *United States of America v. Geiger Transfer Service, Inc.*, 174 F.R.D. 382 (S.D.MS, 1997).  In a civil case, there is a strong presumption in favor of discovery and the Defendant must overcome that presumption in its request for a stay.

As the Fifth Circuit has instructed, in ruling on requests for stays on the civil side of parallel civil/criminal proceedings, judicial discretion and procedural flexibility should be utilized to harmonize conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other.  The Defendant must show both that the civil and criminal cases are related and substantially similar and that discovery in the civil case will compromise the criminal case.  An indefinite stay of deposition testimony should not be

compelled unless no alternative is available. *U.S.A. v. Geiger, supra*.

One of the functions of a deposition is to preserve testimony while it is still fresh. Recognizing the length of time that it might take to complete a criminal proceeding and its related appeals, an indefinite stay of deposition testimony should not be compelled unless no alternative is available. *McSurely v. McClellan*, 138 U.S. App. D.C. 187, 426 F2d 664 (D.C. Cir. 1970); *U.S.A. v. Geiger, supra.*

The Defendants alternatively argue that the Fifth Amendment privileges of certain witnesses may be invoked and neither the Plaintiff nor Defendant will be able to proceed. Essentially, the Defendant claims a blanket refusal for witnesses to answer questions that have not been posed to them. Even where a party has a legitimate claim of privilege with respect to certain questions or lines of inquiry, that person may not be entitled to invoke his privilege to remain totally silent. Only where the Court finds that he could legitimately refuse to answer essentially all relevant questions because of the threat of incrimination is a person totally excused from responding to relevant inquiries. Otherwise, a person is entitled to invoke the privilege only as to genuinely threatening questions. Therefore, a blanket invocation of the U.S. Constitution 5th Amendment privilege is insufficient to relieve a civil litigant of the responsibility to answer questions put to him during the discovery process. A blanket refusal to answer questions at deposition on the ground that there are privileges is an improper invocation of the U.S. Constitutional 5th Amendment, irrespective of whether such a claim is made by a plaintiff, defendant, or a witness. Requiring a party to object with specificity to the information sought from him permits the District Court to rule on the validity of his claim of privilege. A party is not entitled to decide for himself whether he is protected by the privilege under the United States Constitutional 5th Amendment. Rather, this question is for the Court to decide after conducting a

particularized inquiry, deciding, in connection with each specific area that the questioning party seeks to explore, whether or not the privilege is well-founded.  *Securities and Exchange Commission v. First Fin. Group of Texas, Inc.*, 659 F2d 660 (5th Cir. 1981).

## CONCLUSION

The Defendants have failed to meet their burden to show special circumstances and the need to avoid substantial and irreparable prejudice.  As a result, the Court must deny the Defendant's Motion for a Stay.

**RESPECTFULLY SUBMITTED** this the 22nd day of February, 2007.

                                KASEY D. ALVES

                    BY:  */s/Woodrow W. Pringle, III*
                                WOODROW W. PRINGLE, III

## **CERTIFICATE OF SERVICE**

I, WOODROW W. PRINGLE, III, certify that I have this date forwarded via the ECF system, a copy of the above and foregoing Memorandum in Support of Plaintiff's Response to Amended Motion to Stay Proceedings to the following:

Karen J. Young, Esq.
Attorney at Law

Cy Faneca, Esq.
Attorney at Law

Walter T. Johnson, Esq.
Attorney at Law

**SO CERTIFIED** this the 22nd day of February, 2007.


*/s/ Woodrow W. Pringle, III*
WOODROW W. PRINGLE, III


WOODROW W. PRINGLE, III
ATTORNEY AT LAW
MS. BAR NO. 4513
2217 PASS ROAD
GULFPORT, MISSISSIPPI 39501
(228) 868-8355 (PHONE)
(228) 868-8433 (FAX)