UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KASEY D. ALVES**                                                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 1:06cv912LG-JMR**

**HARRISON COUNTY, MISSISSIPPI,
BY AND THROUGH THE BOARD OF
SUPERVISORS; HARRISON COUNTY
SHERIFF'S DEPARTMENT; SHERIFF
GEORGE PAYNE, JR.; AND HEALTH
ASSURANCE, LLC.**                                                                              **DEFENDANTS**

**ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF
HARRISON COUNTY SHERIFF'S DEPARTMENT AND
SHERIFF GEORGE PAYNE, JR. TO SECOND AMENDED COMPLAINT**

COME NOW Defendants, Harrison County Sheriff's Department and Sheriff George Payne, Jr., in his official and individual capacities as Sheriff of Harrison County, Mississippi, by and through their attorneys, Dukes, Dukes, Keating & Faneca, P.A., and files their Answer, Defenses and Affirmative Defenses to the Second Amended Complaint as follows, to wit:

FIRST DEFENSE

The Second Amended Complaint fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

SECOND DEFENSE

The Second Amended Complaint should be dismissed as to Harrison County Sheriff's Department pursuant to rule 12(b)(2) of the Federal Rules of Civil Procedure, inasmuch as there is no such legal entity.

## THIRD DEFENSE

Defendants specifically reserve and invoke all other rights and defenses available, including but not limited to those set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, including the Mississippi Tort Claims Act, the United States Code, and/or common law, for which a good-faith legal and/or factual basis exists in their favor.

## FOURTH DEFENSE

That at all times relevant to Plaintiff's claims, these answering Defendants acted in a reasonable manner and in good faith in the execution of their official duties, and therefore, these answering Defendants are immune from liability.

## FIFTH DEFENSE

To the extent Plaintiff raises any claims under Mississippi law, Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et. Seq., including the notice requirements of §11-46-11.

## SIXTH DEFENSE

The subject of the Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance, regulation, or decision officially adopted and/or promulgated by these Defendants. These Defendants neither promulgated nor condoned any policy, custom, or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

And now, in response to the allegations of the Complaint, these Defendants answer, paragraph by paragraph, as follows:

1.      To the extent the allegations contained in Paragraph 1 of the Second Amended Complaint make any allegation of liability against these answering Defendants, said allegations are denied, and these Defendants specifically deny that the Plaintiff had any civil, constitutional, or human rights violated.

2.      The allegations contained in Paragraph 2 for the Second Amended Complaint, Defendants are not directed at these answering Defendants, and therefore, do not require a response from these answering Defendants. However, out of an abundance of caution, the allegations contained within Paragraph 2 are denied except to the extent that Defendants would admit that Harrison County, Mississippi, is a political subdivision of the State of Mississippi and that it has the responsibility of the Harrison County Adult Detention Center as provided by the laws of Mississippi.   3.

The allegations contained in Paragraph 3 of the Second Amended Complaint are denied inasmuch as there is no such legal entity as the Harrison County Sheriff's Department.

4.      In response to the allegations contained in Paragraph 4 of the Second Complaint, it is admitted that at all relevant times, Defendant George Payne, Jr., was the duly elected Sheriff of Harrison County, Mississippi, and that he was at all relevant times acting within the scope of his employment as the duly elected Sheriff of Harrison County, Mississippi, with all the duties and responsibilities that the laws of Mississippi and the office of Sheriff of Harrison County legally requires of him.  However, out of an abundance of caution, all remaining allegations contained in this Paragraph are denied.

5. The allegations contained in Paragraph 5 of the Second Amended Complaint are not directed at this answering Defendants and do not require a response.

6. In response to the allegations contained in Paragraph 6 of the Second Amended Complaint, it is admitted to the extent that the Harrison County Adult Detention Center is a facility whose primary function is to house people who are detained while waiting trial in Harrison County, Mississippi and that is operated and controlled by Harrison County, Mississippi, by and through its designated representative, the Harrison County, Sheriff. Additionally, it is admitted that inmates are processed into the Harrison County Adult Detention Center through the booking department. However, Defendants specifically deny that Plaintiff accurately described the areas within the Harrison County Adult Detention Center, which include, but is not limited to the booking department.

7. In response to the allegations contained in Paragraph 7 of the Second Amended Complaint, the Defendants admit that the Plaintiff was arrested by the Biloxi Police Department and transported to the Harrison County Adult Detention Center on January 7, 2006. Defendants further admit that Plaintiff was placed in the custody of the Harrison County Sheriff's Department. Defendants admit that the Plaintiff was taken into the booking department of the Harrison County Adult Detention Center. Further, Defendants would affirmatively state the Plaintiff continuously refused to follow officers' orders and Plaintiff was taken to the floor and OC spray was administered on him. Defendants would further show that, thereafter, Plaintiff was placed in a restraint chair wherein restraint straps were placed around the Plaintiff. Defendants specifically deny that the Plaintiff was subjected to excessive force and deny Plaintiff's allegations

that Plaintiff did not resist.  In response to the remaining allegations in Paragraph 7, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated therein; therefore, out of an abundance of caution, the remaining allegations are denied.

       8.     In response to the allegations contained in Paragraph 8 of the Second Amended Complaint, the Defendants are without sufficient knowledge to admit or deny whether the restraint straps were placed so tightly they caused pain and it is therefore denied.  Defendants are without sufficient knowledge to admit or deny whether Plaintiff screamed in pain and asked that the straps be loosened and it is therefore denied.  Defendants admit that Plaintiff was placed in a holding cell while restrained in the restraint chair.  Defendants are without sufficient knowledge to admit or deny whether deputies mocked the Plaintiff and it is therefore denied.  Defendants admit that the Plaintiff remained in the restraint chair for approximately nine hours.  The Defendants deny that deputies did not check the straps or Plaintiff's condition during the entire time Plaintiff was restrained.  Defendants admit that the Plaintiff was removed from the restraint chair after approximately nine hours.  Defendants are without sufficient knowledge to admit or deny whether injuries from the straps were apparent on the Plaintiff's shoulders, knees and ankles and it is therefore denied.  Defendants admit that Plaintiff was evaluated by a nurse.  Defendants admit that the Plaintiff was placed in a cell waiting bond or a court hearing.  Defendants admit that Plaintiff posted bond. In response to the remaining allegations contained in Paragraph 8, Defendants are without knowledge or information sufficient to form a belief as to the truth of all remaining allegations; therefore, out of an abundance of caution, the remaining

allegations are denied.

9. In response to the allegations contained in Paragraph 9 of the Second Amended Complaint, the Defendants admit that the Plaintiff was treated at Memorial Hospital at Gulfport and diagnosed with rhabdomyolysis and resulting kidney failure. However, due to the fact that no discovery had been conducted, the Defendants are not in a position to admit or deny the causal relation between the medical condition and any act or omission as alleged in the Second Amended Complaint, therefore, the remaining allegations of Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 of the Second Amended Complaint are denied.

11. The allegations contained in Paragraph 11 of the Second Amended Complaint are denied.

## SECTION 1983 AND 14TH AMENDMENT

## CLAIM-EXCESSIVE FORCE

12. In response to the allegations contained in Paragraph 12 of the Second Amended Complaint, the Defendants admit that in 1995, a consent decree was entered by the United States District Court as it relates to the Harrison County Adult Detention Facility. Defendants admit that on or about July 20, 2005, Harrison County was notified by the United States Justice Department of issues at the Harrison County Adult Detention Facility. Defendants deny that from at least calendar year 2001 and continuing through at least January 7, 2006, deputies/jailers, while employed at the Harrison County Adult Detention Facility and while acting under the color of law under

the State of Mississippi, did knowingly and wilfully injure, threaten, and intimidate hundreds of detainees/inmates in the free exercise of their rights and privileges secured to them by the Constitution and laws of the United States, namely, the right not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force amounting to punishment by one acting under color of law. Defendants admit that in 2007, at least eight deputies pled guilty or have been found guilty of certain federal crimes which occurred during their employment at the Harrison County Adult Detention Facility.

Defendants deny that Plaintiff was physically assaulted by deputies on January 7, 2006. Defendants admit that Teel was initially employed with the Harrison County Sheriff's Department as a deputy beginning on or about September 7, 1999; however, Defendants deny that Teel first began working in the booking department of the Harrison County Adult Detention Center on or about January 30, 2003. Defendants admit that Teel's employment ended on March 8, 2006. Defendants deny that Sheriff George Payne declined a recommendation that Teel be terminated due to psychological problems. Defendants deny that Plaintiff was assaulted. Defendants deny that there were continuous allegations of excessive force made against Teel and Rhodes and no action was taken.

Defendants deny that on January 7, 2006, while a pretrial detainee, Plaintiff posed no threat or danger to a deputy. Defendants admit that at times Plaintiff had his hands handcuffed behind his back. Defendants are without sufficient knowledge to admit or deny whether the Plaintiff ever looked into a cell wherein females were detained and it is therefore denied. Defendants would show that the Plaintiff refused to

obey officers' orders and was sprayed with O.C. spray, taken to the ground and was placed in a restraining chair for approximately 9 hours, as more fully set forth in Paragraph 7 hereinabove. Defendants are without sufficient knowledge to admit or deny whether the straps in the restraint chair were so tight that they caused physical injury to the Plaintiff requiring medical treatment and hospitalization. Defendants deny the force applied to the Plaintiff was malicious and sadistic for the purpose of causing harm. In response to the remaining allegations contained in Paragraph 12, Defendants are without knowledge or information sufficient to form a belief as to the truth of all remaining allegations; therefore, out of an abundance of caution, the remaining allegations are denied.

## SECTION 1983 AND 14TH AMENDMENT

## CLAIM-CONSPIRACY

13. The allegations contained in Paragraph 13 of the Second Amended Complaint are denied.

14. In response to the allegations in Paragraph 14 of the Second Amended Complaint, Defendants admit to the extent that in 2007, at least eight deputies pled guilty or have been found guilty of certain federal crimes occurring during their employment at the Harrison County Adult Detention Facility. However, all the remaining allegations contained in Paragraph 14 of the Second Amended Complaint are denied.

## CUSTOM/POLICY

15. The allegations contained in Paragraph 15 of the Second Amended Complaint are denied.

16.	The allegations contained in Paragraph 16 of the Second Amended Complaint are denied.

17.	The allegations contained in Paragraph 17 of the Second Amended Complaint are denied.

### ALLEGATIONS AS TO HEALTH ASSURANCE, LLC.

18.	The allegations contained in Paragraph 18 of the Second Amended Complaint are not directed at these answering Defendants and therefore, do not require a response.  However, to the extent the Defendants are mistaken in this regard, said allegations are denied.

### DAMAGES

19.	The allegations contained in Paragraph 19 of the Second Amended Complaint are denied.

20.	The allegations contained in Paragraph 20 of the Second Amended Complaint are denied.

21.	The allegations contained in Paragraph 21 of the Second Amended Complaint are denied.

In response to the last unnumbered Paragraph of the Second Amended Complaint entitled "WHEREFORE, PREMISES CONSIDERED," including all of its subsections, Defendants deny that they are in any way liable to Plaintiff for any of the alleged violations or injuries of which Plaintiff complains, and these Defendants further deny that are in any way liable to Plaintiff for any damages, compensatory or punitive, cost of court, expenses, interest, or attorney fees, or any other sums whatsoever.

The Defendants specifically deny any and all allegations in the Second Amended Complaint, which have not been specifically admitted, regardless of paragraph number, or lack thereof.  And now having fully answered the Second Amended Complaint, paragraph by paragraph, the Defendants set forth the following alternative affirmative defenses:

I.

Defendants invoke the provisions of §85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

II.

These Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. These Defendants state that they are protected by sovereign, absolute, and/or qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees, or any other damages as requested in the Plaintiff's Second Amended Complaint.

III.

To the extent the Second Amended Complaint raises any claims under Mississippi law, these Defendants specifically plead all protections to which they are entitled pursuant to §11-46-1, et seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendants' right to a bench trial; all limitations on liability contained

therein; and all prohibitions against individual liability.

IV.

Defendants specifically deny each and every allegation of the Second Amended Complaint which has not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

V.

To the extent Plaintiff was apprehended, charged, indicted, and/or convicted of any crime in connection with the events surrounding his arrest on or about January 7, 2006, and which are the subject of his allegations in the Second Amended Complaint, such conviction acts as an affirmative bar to any lawsuit by Plaintiff under 42 U.S.C. §1983, and Defendants hereby plead any such convictions of Plaintiff as an affirmative bar and defense to Plaintiff's claims.

VI.

Defendants would show that the Second Amended Complaint, to the extent that it seeks punitive or exemplary damages, violates certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi;

It further violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi;

11

It violates the Fourteenth Amendment as said Amendment guarantees Defendants equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing Defendants on the basis of wealth.

VII.

The Fourth, Fifth and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants and to the extent that Defendants are subjected to criminal sanction through punitive damages, the burden of proof for imposing punitive damages is "beyond reasonable doubt." Defendants would affirmatively show that Plaintiffs are not entitled to recover punitive damages against them pursuant to 42 U.S.C. §1983.

VIII.

Plaintiff cannot demonstrate the existence of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged constitutional deprivation of which he complains, and therefore he cannot maintain a claim against these Defendants pursuant to 42 U.S.C. §1983.

IX.

Defendants would affirmatively show that, to the extent Plaintiff may have suffered any injury or damage, such was the result of Plaintiff's own failure to obey the lawful orders given to them by law enforcement officers acting in their official capacities. By verbally and physically resisting and refusing to comply with said officers' lawful orders, Plaintiff's own conduct was the proximate cause of any force which may have been used against him, and rendered any such force used entirely reasonable in light of

12

the officers' own need to ensure their safety as well as to preserve order within the Harrison County Adult Detention Center.

X.

Defendants would show that Plaintiff was afforded all protections due him under the United States Constitution and that any actions by Defendants were reasonable, proper, and complied with any and all constitutional standards and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights. Defendants would show that they were not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for medical treatment. Defendants would further show that all officers were properly and adequately trained and supervised. Additionally, Defendants would show that any and all policies and procedures pertaining to the operation of the staff of the Harrison County Adult Detention Center were adequate, proper, reasonable and conformed with any and all constitutional standards and/or requirements.

XI.

Defendant Sheriff George Payne, Jr., would show that there can be no liability under Section 1983 under the doctrine of respondeat superior. Defendant would further show that he did not have actual, subjective knowledge of a substantial risk of serious harm to Plaintiff nor did he respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

XII.

Defendants would show that any and all actions taken on their part were in a good faith effort to maintain order and to properly process Plaintiff into the Harrison County Adult Detention Center following his arrest.

13

XIII.

To the extent some or all of the injuries suffered by the Plaintiff are the result of a pre-existing condition, the Defendants can have no liability.

XIV.

The Defendants would show and aver that any damages incurred, the same being denied, were solely, directly and proximately the result of the negligent and/or intentional acts or omissions of Plaintiff and/or persons other than the Defendants and were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiff and any and all injuries sustained by the Plaintiff, if any, all of which are denied, and that these activities on the part of the Plaintiff and/or other persons absolve the Defendants herein of any liability whatsoever. In the alternative, the Plaintiff's damages, if any, all of which are denied, were proximately caused by an independent intervening and/or superseding cause such as to bar the Plaintiff's claims against the Defendants.

XV.

That the damages allegedly sustained by Plaintiff are speculative and are not recoverable.

XVI.

That the Defendant reserves his right to setoff and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiff and arising out of or in any manner related to this incident.

XVII.

Neither the Defendants nor the Plaintiff can demonstrate the existence of any policy, custom, or usage of the Harrison County Sheriff's Office which later could have

14

led to the alleged constitutional deprivation of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against these Defendants pursuant to 42 U.S.C. § 1983.

XVIII.

The Defendants specially plead Miss. Code Ann. § 11-46-9(1)(m) which exempts governmental entities from the waiver of sovereign immunity for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail, . . . or other such institution, regardless of such claimant is or is not an inmate of any detention center, jail, . . . or other such institution where the claim is filed.

XIX.

The Defendants would show that at all times while dealing with the Plaintiff or any other inmate at the HCADC, Defendants acted in a professional manner and conducted any and all of their interaction with the Plaintiff in accordance with the professional standards for inmate medical care, management and/or supervision, and the applicable grievance procedures.  Unusual treatment, if any, was a result of and was entirely justified by the legitimate penological needs of the HCADC in securing individuals who presented a risk to other inmates or jail staff due to their criminal histories and their demonstrated efforts to act defiantly.  As such, to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the circumstances and in no way violated the Plaintiff's rights or any other provision of federal or state law.

XX.

Defendants specifically plead the doctrines of contributory and comparative negligence.

XXI.

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged constitutional deprivations of which Plaintiff complains, and therefore, he cannot maintain a claim against these Defendants pursuant to 42 U.S.C. §1983. The Harrison County Sheriff's Department had in place adequate policies and procedures which would have allowed Plaintiff to resolve his complaints, but Plaintiff failed to mitigate his damages by failing to utilize said policies and procedures.

XXII.

To the extent the Plaintiff has not exhausted his administrative remedies, the Defendants would show that the Complaint and Amended Complaint should be dismissed.

XXIII.

The Defendants specifically invoke and plead all defenses to which they may be entitled under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e).

XXIV.

In the event Plaintiff is seeking punitive damages, Plaintiff is prohibited from recovering these specific damages under federal law against a municipality

XXV.

Defendants further reserve the right to amend and supplement this Answer and Defenses as discovery and investigation continue.

AND NOW, having fully answered and set forth their Answer, Defenses and Affirmative Defenses to the Second Amended Complaint, Defendants respectfully requests that they be dismissed from this civil action with their proper costs.

RESPECTFULLY SUBMITTED, this 1st day of November, 2007.

**Harrison County Sheriff's Department and Sheriff George Payne, Jr.**

BY:   DUKES, DUKES, KEATING & FANECA, P.A.


BY:   s/Cy Faneca
      CY FANECA

CY FANECA,  MSB #5128
TRACE D. MCRANEY, MSB #9905
HALEY N. BROOM, MSB#101838
DUKES, DUKES, KEATING & FANECA, P.A.
2909 - 13TH STREET, SIXTH FLOOR
POST OFFICE DRAWER W
GULFPORT, MISSISSIPPI 39502
TELEPHONE - (228) 868-1111
FACSIMILE - (228) 863-2886

## **CERTIFICATE OF SERVICE**

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Counsel for Plaintiff:
>>Woodrow W. Pringle, III, Esquire
>>2217 Pass Road
>>Gulfport, MS 39501
>
>Counsel for Harrison County:
>>Joseph R. Meadows, Esquire
>>Post Office Drawer 550
>>Gulfport, MS   39502

This, the 1st day of November, 2007.

>>>>S/Cy Faneca
>>>>CY FANECA