UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KASEY D. ALVES                                            PLAINTIFF

VERSUS                                    CAUSE NO.:1:06cv912 LG-JMR

HARRISON COUNTY MISSISSIPPI, BY AND
THROUGH THE BOARD OF SUPERVISORS;
HARRISON COUNTY SHERRIFF'S DEPARTMENT;
SHERRIFF GEORGE PAYNE, JR.; and
HEALTH ASSURANCE, LLC                           DEFENDANTS

**MEMORANDUM IN OPPOSITION TO HEALTH ASSURANCE LLC,
MOTION TO DISIMISS**

       Health Assurance, LLC, was a contract medical provider retained to provide medical services or assistance to detainees at the Harrison County Adult Detention Center. On January 7, 2006, Plaintiff suffered serious injuries as a result of abuse by Harrison County, Mississippi. The abuse caused severe rhabdomyolysis and kidney failure. Health Assurance's employee examined Plaintiff. Despite the presence of these life threatening conditions, the employee of Health Assurance found no significant medical condition and did not order transfer of Plaintiff to a hospital. As a result, the Plaintiff's condition worsened.

       The Plaintiff alleges three distinct causes of action against Health Assurance, LLC:

1.      Medical Negligence claim under the laws of the state of Mississippi.

2.      Health Assurance LLC knew of the existence of the custom of abuse of inmates/detainees at the Harrison County Detention Facility prior to January 7, 2006. Despite this knowledge, Health Assurance took no action to report this abuse to prevent same from re-occurring. As a result of this failure, Plaintiff was abused January 7, 2006.

1

3. As a result of the knowledge of the custom of abuse at the Detention Center, and the failure to report same, Health Assurance, LLC, furthered the conspiracy at the Detention Center to cover up the abuse of inmates/detainees.  Health Assurance's failure to properly train and inform its employees of their responsibilities to stop and/or report incidences of abuse furthered this conspiracy.

Rule 8(a)(2) of the F.R.C.P. provides as follows:  General rules of pleading:  claim for relief.  A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.

### I.  MEDICAL NEGLIGENCE

In Mississippi, to prevail on a claim of medical negligence, the plaintiff bears the burden of proof and must show the following four elements of negligence by a preponderance of the evidence:  (1) the defendant had a duty to act in accordance with a standard of reasonable care so as to prevent injury to a foreseeable plaintiff; (2) the defendant failed to conform to the appropriate standard of care; (3) this breach proximately caused his injury; and (4) that he suffered actual harm or injury as a result of the defendant's negligent conduct.  *Sacks v. Necaise*, 2007 Miss. App. Lexis 817 (Miss. COA 2007).

Health Assurance had the duty to act as it was the medical contractor at the Harrison County Detention Facility.  The Plaintiff's complaint alleges:  (1) Health Assurance had a duty to meet a reasonable standard of care and failed to conform to this standard; (2) that as a result of the failure to act, the Plaintiff's injuries were not diagnosed and became worse; (3) as a result of the abuse and the failure to diagnose the injuries he suffered actual harm including kidney failure and rhabdomyolysis.

The Plaintiff has alleged sufficient facts in his Complaint to withstand a Rule 12 Motion as to the medical negligence claim pursuant to the laws of the State of Mississippi.

## CIVIL RIGHTS VIOLATIONS

Throughout his Complaint, Plaintiff has alleged that the constitutional violations that existed were as a result of excessive use of force (abuse) and a conspiracy by all defendants to further the abuse and to cover up the abuse, including the abuse of Plaintiff.  While it is true that it does not appear that an employee or person associated with Health Assurance was present during the abuse, the Complaint alleges sufficient facts to sustain a claim of conspiracy.  A conspiracy may be charged under 42 U.S.C.S § 1983 as the legal mechanism through which to impose liability on all the Defendants without regard to who committed the particular act.  *Hale v. Townley*, 45 F.3d 914 (5th Cir. 1995).  The Plaintiff alleges that Health Assurance was aware of the abuse and failed to report same.  Further, the actions by Health Assurance furthered the conspiracy of the Harrison County Detention Center booking officers who covered up the abuse.  Health Assurance, it is alleged, actively participated in this conspiracy.

> Paragraph 13 of the Second Amended Complaint alleges:
>
> Deputies, supervisors and the warden at the Harrison County Adult Detention Facility, while acting under the color of law of the state of Mississippi, did knowingly and willfully combine, conspire and agree with each other to injure, threaten, oppress, and intimidate detainees/inmates in the free exercise and enjoyment of rights and privileges secured to them by the Constitution of the United States, namely, the right not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force amounting to punishment by one acting under color of law….  It was further part of the conspiracy that the deputies, supervisors, and warden, and their <u>coconspirators</u>, concealed and covered up their assaults.  The coconspirators attempted to, and did, conceal their assaults of detainees/inmates by failing to document uses of force, by creating false justifications for excessive use of force, by giving false statements, and by writing false, vague and misleading reports concerning excessive use of force.

Paragraph 18 of the Second Amended Complaint alleges in pertinent part:

Health Assurance, LLC, knew of the existence of the custom of abuse of the inmates/detainees at the Harrison County Adult Detention Center prior to January 7, 2006.  Neither Health Assurance nor its employees took any action to report this abuse to prevent same.  As a result, Health Assurance, LLC, and its employees participated in the conspiracy to cover up the abuse of inmates/detainees including Plaintiff.

The Plaintiff has met his burden pursuant to F.R.C.P. 8.  The pleadings are sufficient and Defendant's Motion should be denied.

**RESPECTFULLY SUBMITTED**, this the 19th day of March, 2008.

                                        KASEY D. ALVES, Plaintiff

                          BY:    */s/ Woodrow W. Pringle, III*
                                        WOODROW W. PRINGLE, III

## CERTIFICATE OF SERVICE

I, WOODROW W. PRINGLE, III, certify that I have this date forwarded via email, a copy of the above and foregoing Memorandum in Opposition to Health Assurance, LLC, Motion to Dismiss, to the following:

Robert Pederson, Esq.
Attorney at Law

**SO CERTIFIED** this the 19th day of March, 2008.


*/s/ Woodrow W. Pringle, III*
WOODROW W. PRINGLE, III


WOODROW W. PRINGLE, III
ATTORNEY AT LAW
MS. BAR NO. 4513
2217 PASS ROAD
GULFPORT, MISSISSIPPI 39501
(228) 868-8355 (PHONE)
(228) 868-8433 (FAX)