IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KASEY D. ALVES**                                                              **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 1:06-cv-912LGJmr**

**HARRISON COUNTY, HARRISON COUNTY
SHERIFF, GEORGE PAYNE, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY, AND
JOHN DOES A-Z WHO ARE UNKNOWN TO THE
PLAINTIFF AT THIS TIME, BUT ARE ON
THE CHAIN OF COMMAND FOR THE
HARRISON COUNTY SHERIFF'S DEPARTMENT,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES**                                                                **DEFENDANTS**

## HARRISON COUNTY'S JOINDER AND
## SEPARATE MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Defendant, Harrison County, Mississippi, by and through its Board of Supervisors and files its Joinder in George Payne, Jr.'s Motion for Summary Judgment, in his official capacity, and files its Separate Motion for Summary Judgment as follows:

1.   Harrison County joins in George Payne, Jr.'s Motion for Summary Judgment.

2.   Harrison County would show it is entitled to Summary Judgment on the basis that governmental or municipal liability cannot be predicated on the theory of respondeat superior and that the alleged unconstitutional conduct must be directly attributable to the Board of Supervisors through official action or it is entitled to Summary Judgment.  In order for Plaintiff to prevail on Harrison County's Motion for Summary Judgment it must show that the Board of Supervisors had an official policy statement, ordinance, regulation

or decision adopted and promulgated which violated Plaintiff's constitutional rights. Furthermore, the policy must be the moving force behind Plaintiff's constitutional violations in order to prevail on this Motion. Pursuant to Miss. Code Ann. §19-25-69, each sheriff in the State of Mississippi has the exclusive authority and control over the county jail. The Board of Supervisors has no right to set policies and procedures, hire, fire or train deputies at the jail. Pursuant to numerous Mississippi Attorney General Opinions, the only authority a Board of Supervisors has regarding the jail and its prisoners is to set the sheriff's budget and fund it accordingly. See Mississippi Attorney General Opinion 2004-2005, to Mike Farmer, dated February 6, 2004.

3.   The Plaintiff in this case, Kasey Alves, seeks damages against Harrison County and others for the sole actions of certain deputies employed by the sheriff of Harrison County working at the Harrison County Adult Detention Center ("HCADC"). Plaintiff claims he sustained injuries on January 7, 2006 when he was placed and left in a restraining chair in booking at the HCADC. Clearly, the Board of Supervisors has no authority over the sheriff's policies and procedures regarding booking and the use of the restraining chair. Although Harrison County denies that the use of the restraining chair violated Plaintiff's constitutional rights, the use of the restraining chair is a policy and procedure promulgated and set by the sheriff and was not a procedure promulgated, adopted or implemented by the Board of Supervisors.

4.   In support of this Motion for Summary Judgment, Harrison

County adopts the exhibits listed by George Payne, Jr., in his official capacity, as well as the following:

    a.    Exhibit "A" - Deposition of William Martin;

    b.    Exhibit "B" - Deposition of Connie Rocko;

    c.    Exhibit "C" - Deposition of Marlin Ladner;

    d.    Exhibit "D" - Portions of the deposition of George Payne, Jr.;

    e.    Copy of <u>Miss. Code Ann.</u> §19-25-69;

    f.    Copy of Mississippi Attorney General Opinion No. 2004-0005, to Mike Farmer, dated February 6, 2004; and

    g.    Copy of Mississippi Attorney General Opinion 2007-00232 to Joseph R. Meadows, dated May 27, 2007.

WHEREFORE PREMISES CONSIDERED, Harrison County, by and through its Board of Supervisors, moves for Summary Judgment dismissal on the basis there is no genuine issue of material fact against it and it is entitled to dismissal with prejudice from this lawsuit.

RESPECTFULLY SUBMITTED this the 16th day of October, 2008.

                              HARRISON COUNTY, BY AND THROUGH ITS
                              DULY ELECTED BOARD OF SUPERVISORS

                              BY: MEADOWS LAW FIRM

                              BY:   /s/ *Karen J. Young*

KAREN J. YOUNG, ESQ.
MS BAR NO. 6654
MEADOWS LAW FIRM
P.O. BOX 1076
GULFPORT, MS 39502
Phone: (228)868-7717
Fax: (228)868-7715

**CERTIFICATE OF SERVICE**

I, Karen J. Young, of the Meadows Law Firm, do hereby certify that a true and correct copy of the above and foregoing was filed with the United States District Court wherein a copy was forwarded electronically to:

>Woodrow W. Pringle, III, Esq.
>2217 Pass Road
>Gulfport, MS 39501
>
>Cyril T. Faneca
>DUKES, DUKES, KEATING & FANECA
>P.O. Drawer W
>Gulfport, MS 39502-0680
>
>Walter T. Johnson
>WATKINS & EAGER
>P. O. Box 650
>Jackson, MS 39205-0650
>
>Robert H. Pedersen
>WATKINS & EAGER
>P. O. Box 650
>Jackson, MS 39205-0650

SO CERTIFIED this the 16th day of October, 2008.

/s/ *Karen J. Young*

KAREN J. YOUNG, ESQ.
MS BAR NO. 6654
MEADOWS LAW FIRM
1902 21st Avenue (39501)
P.O. BOX 1076
GULFPORT, MS 39502
Phone: (228)868-7717
Fax: (228)868-7715
Email: kyoung@datasync.com