*Document Retrieval Results*



*Help*

2004 WL 555109 (Miss.A.G.)
Opinion No. 2004-0005

◀ Term ▶    ◀ Best Section ▶

2004 WL 555109 (Miss.A.G.)

Office of the Attorney General
State of Mississippi

←BEST

Opinion No. ←2004-→0005
←February 6, 2004→

Re: Board of Supervisor's Authority Over the Sheriff's Department

Mike ←Farmer→
Sheriff
Stone County
1420 Industrial Park Road
Wiggins, Mississippi 39577

Dear Sheriff ←Farmer:→
BEST→

Attorney General Jim Hood has received your request for an official opinion from this office and has assigned it to me for research and reply. Your letter presents these pertinent facts and asks the following question:
I am the newly elected Sheriff of Stone County. The Board of Supervisors is giving me problems with authorizing the purchase of uniforms and hiring certain personnel. The personnel and purchases are all within the approved budget for my Department.
I have been told that the only authority the Board of Supervisors has over me and the operation of my department is budgetary. Is this correct?
In response, the sheriff is an independently elected official and, generally, the board of supervisors has no ←control→ over the sheriff in the performance of his official duties. We have previously opined that a sheriff has ←exclusive→ authority and ←control→ over his employees. This authority includes hiring, firing, disciplinary rules and regulations as well as other general operations of his office. The sole restriction is that the expenditures of the sheriff's office must not exceed his budget as approved by the board of supervisors. Please see the enclosed opinions, MS AG Op., McAdory (December 14, 1983); MS AG Op., Ledbetter (October 27, 1982).
Additionally, Section 19-25-69, MISS. CODE ANN. (1972), charges the sheriff with the care and custody of the jail of his county. Section 19-25-71, MISS. CODE ANN. (1972), states that the sheriff is the jailer of his county and authorizes the sheriff to hire additional jailers to run the operation of the jail. Again, the sheriff has ←exclusive control→ over these employees, subject to the constraints of his budget as approved by the board of supervisors. With regard to regular deputies, Section 19-25-21, MISS. CODE ANN. (1972, as amended), sets out a minimum number of deputies handling law enforcement duties for each sheriff based on the population of the county according to the latest Federal census. With regard to auxiliary deputies, Section 19-25-23, MISS. CODE ANN. (1972, as amended), provides as follows:
Each sheriff shall maintain and cause to be paid a sufficient number of regular deputies, properly trained and adequately equipped, to insure the domestic tranquility within his county. In addition thereto, each sheriff may maintain an adequate number of properly trained auxiliary deputy sheriffs to be equipped, trained, and paid from the general county fund. The number of said auxiliary deputies shall be approved by the board of supervisors and may be increased or reduced from time to time by said board.
Thus with regard to auxiliary deputies, the board only has the power to approve the number of such auxiliary deputies and does not have any ←control→ over who may be named auxiliary deputy by the sheriff.
Please note that the budget of the sheriff's office may be revised from time to time as the board of supervisors deems necessary and proper. Section 19-25-13, MISS. CODE ANN. (1972, as amended).
If we may be of further service, please let us know.

Very truly yours,



EXHIBIT F

http://weblinks.westlaw.com/Search/default.wl?RP=%2FWelcome%2FFrameless%21Sea...

Jim Hood,
Attorney General

By: Charlene R. Pierce
Special Assistant Attorney Generals
2004 WL 555109 (Miss.A.G.)
END OF DOCUMENT.

(C) 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

◀ Term ▶    ◀ Best Section ▶

◀ Doc 2 of 100 ▶

Cite List

powered by Westlaw    Westlaw Privacy Statement     MISSISSIPPI OFFICE OF THE ATTORNEY GENERAL    THOMSON WEST

© 2008 West | Accessibility.