UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KASEY D. ALVES**     **PLAINTIFF**

**VERSUS**     **CAUSE NO.: 1:06cv912 LG-JMR**

**HARRISON COUNTY MISSISSIPPI, BY AND
THROUGH THE BOARD OF SUPERVISORS;
HARRISON COUNTY SHERIFF'S DEPARTMENT; AND
SHERRIFF GEORGE PAYNE, JR.**     **DEFENDANTS**

## RESPONSE

    **COMES NOW** the Plaintiff, Kasey D. Alves, and responds to the Motion to Preclude the Expert Report and Testimony of Ronald G. Lynch.

1. Generally, Plaintiff denies all allegations set forth in the Motion which claim that Ronald G. Lynch's report and testimony should be precluded.

2. There appear to be certain categories or specific allegations set forth by the Defendant. As to those allegations, Plaintiff states the following:

   A. It is denied that the Defendant cannot determine in what capacity Mr. Lynch is providing his testimony.

   B. It is denied that Mr. Lynch does not have experience in the field of corrections. Plaintiff states that experience in the field of corrections is not a necessity to an expert witness testifying in this cause.

   C. The facts of the assault, as claimed by the Defendant, are denied.

   D. There is no necessity that the Defendant, Payne, be present or participate in restraint of Plaintiff.

   E. It is denied that Mr. Lynch lacks the knowledge or experience necessary to testify

as an expert witness.

F.    It is denied that Mr. Lynch's testimony will unfairly prejudice the Defendant, confuse the issues or mislead the jury.

G.    It is denied that Mr. Lynch's opinions and conclusions will not assist the trier of fact and are inadmissible legal conclusions.

H.    It is denied that Mr. Lynch's consultations are insufficient to provide experience for purposes of testimony.

I.    It is denied that Mr. Lynch's opinions and conclusions are result oriented.

J.    It is denied that Mr. Lynch's conclusions and opinions are unreliable.

K.    It is denied that Mr. Lynch's methods are unreliable.

L.    It is denied that Mr. Lynch's opinions are based upon insufficient facts or data.

M.    It is denied that Mr. Lynch's education and experience are insufficient.

N.    It is denied that Mr. Lynch's opinion concerning deliberate indifference is "absurdedly" unreliable.

O.    It is denied that Mr. Lynch relies upon newspaper articles to form his opinion. The facts as stated in the newspaper article are the same as the plea agreements and transcript of plea hearings. Mr. Lynch relies upon the plea of the deputies, the guilty verdict, indictment, all of which are filed in this Court.

P.    It is denied that Mr. Lynch is prohibited from relying upon inadmissible evidence.

Q.    It is denied that Mr. Lynch is unqualified to testify whether or not there was a history of abuse to inmates. At one point the Defendant in its Memorandum argues that "common sense" is a basis for expert testimony. It would appear that anyone with any common sense would realize there was a history of abuse at the Harrison

        County Adult Detention Facility based upon the numerous plea agreements, previous reports of abuse conducted by the Justice Department and others, and the testimony obtained during the trial of Ryan Teel.

    R.    It is denied that Mr. Lynch may not rely upon inadmissible evidence.

    S.    It is denied Mr. Lynch is providing legal conclusions.    T.

3.    In responding to Defendant's Motion, Plaintiff relies upon the following exhibits:

    (1)    Plaintiff's Second Amended Complaint.

    (2)    Sheriff George Payne, Jr., Answer to Second Amended Complaint.

    (3)    Harrison County, Mississippi, Answer to Second Amended Complaint.

    (4)    Ronald G. Lynch Curriculum Vitae.

    (5)    Ronald G. Lynch Rule 26 Report.

    (6)    Ronald G. Lynch Affidavit.

    (7)    January 12, 1995, Consent and Judgment entered in United States of America v. Harrison County, Mississippi, Civil Action No: 1:95CV5GR, United States District Court, Southern District of Mississippi, Southern, Division.

    (8)    Municipal Court of the City of Biloxi Entry of Nolle Proseque v. Kasey Alves.

    (9)    Photographs of Kasey Alves's injuries.

    (10)    Douglas C. Lanier, Jr., M.D., February 14, 2006, medical note.

    (11)    Douglas C. Lanier, Jr., M.D., January 12, 2006, history and physical notes.

    (12)    Joe A. Jackson, M..D., March 14, 2006, report.

    (13)    Medical records affidavit of Coastal Family Health Center.

    (14)    Rhabdomyolysis signs and symptoms.

    (15)    Excerpts of American Correctional Association report.

(16) February 1, 2005, Seventh Supplemental Report of Steve J. Martin prepared for the U.S. Department of Justice.

(17) April 17, 2008, correspondence from Joe Gewin.

(18) Rupert Lacey trial testimony (U.S.A. v. Teel).

(19) Biloxi Police Department Office Kitt Manning trial testimony (U.S.A. v. Teel).

(20) Deposition testimony: Dorothy Blankenship.

(21) William Priest trial testimony (U.S.A. v. Teel).

(22) Deposition testimony: William Martin

(23) Deposition testimony: Robert N. Eleuterius.

(24) Deposition testimony: Gaye Hartley.

(25) Timothy Brandon Moore trial testimony (U.S.A. v. Teel).

(26) Morgan Thompson trial testimony (U.S.A. v. Teel).

(27) Leo DeGeorge trial testimony (U.S.A. v. Teel).

(28) Regina Rhodes trial testimony (U.S.A. v. Teel).

(29) Kasey Alves trial testimony (U.S.A. v. Teel.).

(30) Deposition testimony of Kasey Alves.

(31) Plea agreement: Regina Lynn Rhodes.

(32) Judgment: Regina Rhodes.

(33) Plea agreement: Morgan Lee Thompson.

(34) Judgment: Morgan Lee Thompson.

(35) Plea agreement: Daniel Lamont Evans.

(36) Judgment: Daniel Lamont Evans.

(37) Plea agreement: Karl Walter Stolze.

(38)    Judgment:  Karl Walter Stolze.

(39)    Plea agreement:  Dedri Yulon Caldwell.

(40)    Judgment:  Dedri Yulon Caldwell.

(41)    Plea agreement:  Thomas Preston Wills.

(42)    Judgment:  Thomas Preston Wills.

(43)    Plea agreement:  William Jeffery Priest

(44)    Judgment:  William Jeffery Priest.

(45)    Indictment:  United States of America v. Ryan Michael Teel, et al., Criminal No. 1:06cr79 LG-JMR.

(46)    Harrison County Adult Detention Facility video of assault of Kasey Alves. (Defendant has previously filed same with the Court and Plaintiff relies upon that video.)

**AND NOW**, having fully responded, the Plaintiff requests that the Court enter an Order denying the Defendant's Motion to Preclude the Testimony of Ronald G. Lynch.

**RESPECTFULLY SUBMITTED** this the 9th day of December, 2008.

                             KASEY D. ALVES

                         BY:    /s/Woodrow W. Pringle, III
                                WOODROW W. PRINGLE, III

## CERTIFICATE OF SERVICE

I, WOODROW W. PRINGLE, III, certify that I have this date forwarded via the ECF system, a copy of the above and foregoing Response to Motion to the following:

Karen J. Young, Esq.
Attorney at Law

Cy Faneca, Esq.
Attorney at Law

**SO CERTIFIED** this the 9th day of December, 2008.

/s/Woodrow W. Pringle, III
WOODROW W. PRINGLE, III


WOODROW W. PRINGLE, III
ATTORNEY AT LAW
MS. BAR NO. 4513
2217 PASS ROAD
GULFPORT, MISSISSIPPI 39501
(228) 868-8355 (PHONE)
(228) 868-8433 (FAX)