```
 1                UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
 2                      SOUTHERN DIVISION

 3   KASEY D. ALVES                              PLAINTIFF

 4   VERSUS                    CAUSE NO. 1:06cv912 LG-JMR

 5   HARRISON COUNTY MISSISSIPPI, BY AND
     THROUGH THE BOARD OF SUPERVISORS;
 6   HARRISON COUNTY SHERIFF'S DEPARTMENT;
     SHERIFF GEORGE PAYNE, JR.; AND
 7   HEALTH ASSURANCE, LLC                      DEFENDANTS

 8

 9

10

11

12

13                 DEPOSITION OF GAYE HARTLEY
               Taken at the office of Woodrow Pringle,
14             2217 Pass Road, Gulfport, Mississippi,
               beginning on Tuesday, January 15, 2008
15             at 10:30 a.m.

16

17

18

19

20

21

22   REPORTED BY:

23       CRYSTAL LYNN MORRIS, CSR #1704
         BAILEY, KEENLANCE & ASSOCIATES
24       Post Office Box 1707
         Gulfport, Mississippi 39502
25       Telephone:  (228) 868-8833
         Fax:  (228) 868-8866
```

ORIGINAL

PLAINTIFF'S EXHIBIT "24"

1  happened. The young man had had a seizure on the unit
2  or in the block and we went down there and he was in
3  full-blown seizure and then he proceeded to go into
4  cardiac arrest and I initiated CPR.
5       Q.    Okay.
6       A.    And to no avail.
7       Q.    Do you know if Mr. Smith was involved
8  in an altercation with any of the jailers?
9       A.    Not at the time. There has been
10 speculation and accusations that he had been. I have
11 not been notified of any depositions or lawsuits
12 pending.
13      Q.    All right. Deputy you observe any
14 physical injuries to Mr. Smith?
15      A.    No, sir.
16      Q.    During the year and a half that you
17 worked at the Harrison County Jail did you ever
18 observe any instances where you felt an inmate had
19 been abused by a jailer?
20      MR. MCRANEY: Object to form.
21      THE WITNESS: Pardon. I was listening to him
22 and you.
23 BY MR. PRINGLE, III:
24      Q.    That's okay. During the year
25 and-a-half that you worked at the Harrison County Jail

15

```
 1  did you observe instances where you felt an inmate had
 2  been abused by an officer?
 3          MR. MCRANEY:  Same objection.  She can
 4  answer.
 5          THE WITNESS:  Yes.
 6  BY MR. PRINGLE, III:
 7      Q.    Okay.  Do you know was it one
 8  occasion, many occasions, or how many?
 9          MR. MCRANEY:  Object to the form.
10          MR. PRINGLE, III:  Go ahead.
11          THE WITNESS:  Several.
12  BY MR. PRINGLE, III:
13      Q.    All right.  On the instances where
14  you did observe this conduct did you report it?
15      A.    I may have mentioned it to one of the
16  sergeants.
17      Q.    Do you remember who the sergeant was?
18      A.    It may have been Sergeant Foster.
19      Q.    Okay.  All right.  Did you make any
20  type of written complaint?
21      A.    No, sir, not that I recall.
22      Q.    All right.  Did you make any record
23  of what you observed in any of your records?
24      A.    It would have been documented, the
25  injuries that were -- of any injuries on the inmates.
```

```
 1         Q.    Okay.  But you had concerns about
 2  some of the inmates and the injuries they received?
 3         MR. MCRANEY:  Object to the form but you can
 4  answer.
 5         THE WITNESS:  Yes, sir.
 6  BY MR. PRINGLE, III:
 7         Q.    Okay.  All right.  So you would treat
 8  the inmate and note the injuries in the chart; is that
 9  correct?
10         A.    Yes, sir.
11         Q.    Would you also note what the inmate
12  had told you had happened?
13         A.    Yes, sir.
14         Q.    And that would be in the medical
15  chart?
16         A.    Yes, sir.
17         Q.    Okay.  All right.  And this occurred
18  on several occasions?
19         A.    Yes, sir.
20         Q.    All right.  And were you asked about
21  this by the Department of Justice also?
22         A.    No, sir.
23         Q.    The only case they questioned you
24  about was the Smith case?
25         A.    Yes, sir.
```