UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KASEY D. ALVES PLAINTIFF

VERSUS CAUSE NO.:1:06cv912 LG-JMR

HARRISON COUNTY MISSISSIPPI, BY AND THROUGH THE BOARD OF SUPERVISORS; HARRISON COUNTY SHERRIFF'S DEPARTMENT; SHERRIFF GEORGE PAYNE, JR.; and HEALTH ASSURANCE, LLC; DEFENDANTS

**SECOND AMENDED COMPLAINT**

**(THE PLAINTIFF DEMANDS A TRIAL BY JURY)**

**COMES NOW,** the Plaintiff, Kasey D. Alves, by and through counsel and files this Second Amended Complaint against the Defendants, and in support of same, the Plaintiff would state the following:

1. This action is brought for violation of Federal Statutes and Constitutional provisions (Federal and State). These provisions include, but are not limited to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The Plaintiff alleges violations of his civil, constitutional and human rights.

HC admits sheriff admits says HC responsible for jail

2. The Defendant, Harrison County, Mississippi, is a political subdivision of the State of Mississippi, and is the entity responsible for the oversight and funding of the Harrison County Sheriff's Department and the Harrison County Detention Facility. Harrison County, Mississippi, has delegated the policy making authority to the Harrison County Sheriff's Department and/or Sheriff George Payne.



3. The Defendant, Harrison County Sheriff's Department, is a political entity or subdivision organized to provide security and safety to the citizens of Harrison County, Mississippi, including those individuals detained at the Harrison County Detention Center.

4. The Defendant, George Payne, is the elected Sheriff of Harrison County, Mississippi, vested with the responsibility and authority to hire, train, and supervise deputies. He establishes policies and procedures and enforces the policies and procedures adopted or otherwise implemented. He is to provide protection to the citizens of Harrison County, Mississippi, including those detainees at the Harrison County Detention Center.

HC admits

5. The Defendant, Health Assurance, LLC, was the contract medical provider retained to provide medical services or assistance to detainees at the Harrison County Detention Center.

sheriff admit all except describ. booking area

6. The Harrison County Adult Detention Center is a facility whose primary function is to house people who are detained while awaiting trial in Harrison County, Mississippi. The center is operated and controlled by Harrison County, Mississippi, by and through its designated representative, the Harrison County Sheriff. Inmates are processed into the Center in an area called booking. The booking area includes an officer only area, called the booking room; an area where inmates assemble to be booked into the Center, called the assembly room; a series of holding cells; and an entry vestibule. Deputies who work in the booking area are called booking officers.

sheriff admits

7. January 7, 2006, Plaintiff was arrested for misdemeanor offenses by the Biloxi Police Department. The Biloxi Police Department transported Plaintiff to the Harrison County Adult Detention Facility and placed him in custody of the Harrison County Sheriff Deputies. The Plaintiff was taken to the booking area. While awaiting booking, Plaintiff

glanced into a cell where females were being detained. Deputies observed Plaintiff's actions. Deputies began to punch Plaintiff, spray him with O.C. spray and wrestled him to the ground. Plaintiff was placed in a choke hold and told he would be taken into another room and killed if he resisted. This assault occurred while Plaintiff's hands were restrained behind his back in handcuffs. The Plaintiff did not resist and was placed in a restraint chair. Straps were placed on Plaintiff's shoulders, knees and ankles. A sheet was placed over Plaintiff's head so tightly his facial features were evident. While the sheet was wrapped tightly on Plaintiff's head, water was poured on his head.

Sheriff admits taken to floor & put in restraints

8. The straps were placed so tightly that they caused pain. Plaintiff screamed in pain and asked that the straps be loosened. However, Plaintiff was placed in isolation strapped to the restraint chair. Deputies would pass Plaintiff and mock him. Plaintiff remained tightly strapped to the restraint chair for approximately 8 hours. The deputies did not check the straps or Plaintiff's condition during this 8 hours. After the 8 hours, Plaintiff was removed from the restraint chair. Injuries from the straps were apparent on Plaintiff's shoulders, knees and ankles. Plaintiff was ill and requested medical assistance. A nurse evaluated Plaintiff and determined he did not need medical assistance, in her opinion. Plaintiff was placed into a cell to await bond or a court hearing. A relative posted bond and Plaintiff was released.

Sheriff admit restrained for 9 hrs. & evaluated by nurse

9. As a result of the abuse administered by the Deputies, Plaintiff sought treatment at Memorial Hospital at Gulfport. He was diagnosed with severe rhabdomyolysis (a condition of muscle enzyme breakdown and destruction indicating significant ischemic injury to the muscles and nerves). Due to the severity of the rhabdomyolysis, the Plaintiff developed kidney failure and was treated with acute renal dialysis.

Sheriff admit treatment & diagnosis

10. While Plaintiff was detained and abused at the Center, numerous deputies were present and either participated in the abuse, encouraged the abuse, observed the abuse, and failed to stop same. Medical assistance was not provided either by the Sheriff's Department employees or their contractor, Health Assurance, LLC.

11. The misdemeanor criminal charges filed against Plaintiff were dismissed by the Biloxi Municipal Court.

**SECTION 1983 AND 14TH AMENDMENT**

**CLAIM-EXCESSIVE FORCE**

12. In 1995 an Order was entered by the United States District Court against Harrison County, Mississippi, guaranteeing inmate rights at the Harrison County Detention Facility. On July 20, 2005, the United States Justice Department notified Harrison County officials of misuse of force, security and health issues at the Harrison County Detention Facility. This notice included allegations of lack of appropriate review of incidents and failure to properly investigate incidents. From at least calendar year 2001 and continuing through at least January 7, 2006, deputies/jailers, while employed at the Harrison County Adult Detention Center and while acting under the color of law of the State of Mississippi, did knowingly and willfully injure, threaten, and intimidate hundreds of detainees/inmates in the free exercise of their rights and privileges secured to them by the Constitution and laws of the United States, namely, the right not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force amounting to punishment by one acting under color of law. In 2007 at least eight deputies have been found guilty of assaulting, intimidating or

threatening hundreds of detainees at the Harrison County Adult Detention Center dating from the calendar year 2001 through at least January 7, 2006.

January 7, 2006, Plaintiff was physically assaulted by deputies, including, but not limited to, Ryan Michael Teel. Teel was initially employed as a deputy beginning on or about September 7, 1999. He began working as a booking officer on or about January 30, 2003. His employment with the Sheriff's Department ended on or about March 8, 2006. Prior to the assault upon the Plaintiff, the Sheriff, George Payne, declined a recommendation that Teel be terminated due to psychological problems. Regina Rhodes, another deputy, participated in the assault upon Plaintiff. Prior to January 7, 2006, there were continuous allegations of excessive force made against Teel and Rhodes and no action was taken.

On January 7, 2006, while a pretrial detainee, Plaintiff posed no threat or danger to a deputy. He was standing in the booking with his hands handcuffed behind his back. As a result of his action of looking into a cell wherein females were detained, Plaintiff was physically punched, sprayed with O.C. spray, wrestled to the ground, placed in a choke hold and threatened with death. Plaintiff was subsequently placed for 8 hours in a restraint chair. The straps in the restraint chair were so tight they caused physical injury to the Plaintiff requiring medical treatment and hospitalization. The force applied to Plaintiff was malicious and sadistic and for the purpose of causing harm.

**SECTION 1983 AND 14TH AMENDMENT**

**CLAIM-CONSPIRACY**

13. From at least calendar year 2001 and continuing through at least January 7, 2006, deputies, supervisors and the warden at the Harrison County Adult Detention Facility,

while employees of Harrison County, Mississippi/Harrison County Sheriff's Department, and while acting under the color of law of the state of Mississippi, did knowingly and willfully combine, conspire and agree with each other to injure, threaten, oppress, and intimidate detainees/inmates in the free exercise and enjoyment of rights and privileges secured to them by the Constitutional laws of the United States, namely, the right not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force amounting to punishing by one acting under color of law. The acts committed in furtherance of this conspiracy resulted in bodily injury to detainees/inmates, including the Plaintiff. As part of the conspiracy the deputies, supervisors and warden and the coconspirators assaulted detainees/inmates, including Plaintiff, at the Center in order to punish, harm and intimidate him. It was further part of the conspiracy that the deputies, supervisors and warden and their coconspirators encouraged each other to assault inmates and boasted about their participation and willful and intentional assaults. It was further part of the conspiracy that the deputies, supervisors and warden and their coconspirators concealed and covered up their assaults. The coconspirators attempted to, and did, conceal their assaults of detainees/inmates by failing to document uses of force, by creating false justifications for excessive use of force, by giving false statements, and by writing false, vague and misleading reports concerning excessive use of force. In furtherance of the conspiracy and to effect the objects thereof, the deputies, supervisors and wardens committed hundreds of assaults against inmates/detainees and hundreds of acts to intimidate and threaten inmates/detainees.

14. On January 7, 2006, the coconspirators assaulted Plaintiff at the Detention Center. This assault resulted in serious bodily injury to Plaintiff. On or about January 7, 2006, coconspirators attempted to conceal the assault upon Plaintiff by writing a false, vague and misleading report about the incident. Among other things, the report did not document that the Plaintiff was handcuffed during the entire incident. At least eight deputies have been found guilty of committing a conspiracy while employed at the Detention Center between 2001 and at least January 7, 2006. Supervisors and the Warden encouraged the production of false reports and the warden hid reports from other personnel of the Harrison County Sheriff's Department. Pursuant to the 1995 Order of the United States District Court, Harrison County, Mississippi, was required to submit reports to the United States Justice Department. Since at least the calendar year 2001, false reports have been submitted to the United States Justice Department concerning uses of force against inmates/detainees. The purpose of the conspiracy was to assault inmates/detainees and to cover up the assaults.

**CUSTOM/POLICY**

15. From at least the calendar year 2001 through at least January 7, 2006, there existed a persistent wide spread practice of deputies, supervisors and the warden assaulting inmates/detainees and to cover up the assaults. This practice become so common and routine as to constitute a custom that fairly represents the Harrison County, Mississippi/Harrison County Sheriff's Department policy. Prior to the abuse of the Plaintiff, there existed at the Harrison County Adult Detention Center a belief, practice, usage and/or custom that it was acceptable to beat and/or abuse detainees and to cover up the abuse. As a result of the custom/policy at the Harrison Count Adult Detention

Facility, Plaintiff suffered a deprivation of constitutional rights. Harrison County, Mississippi, and/or its Sheriff had actual and/or constructive knowledge of the custom and failed to take any action to remedy same. There was a complete failure to properly supervise the deputies/officers and warden involved. The failure to supervise constituted a deliberate indifference to the Plaintiff's constitutional rights.

16. Harrison County, Mississippi, Harrison County Sheriff's Department and/or George Payne violated the constitutionally imposed duty of care toward individuals who are in the custody of the state. The Constitution imposes upon them responsibility for Plaintiff's safety and well-being while being held against his will at the Detention Facility. Harrison County, Mississippi/Harrison County Sheriff's Department/George Payne violated a duty to protect Plaintiff from harm due to the fact that their actions created or exacerbated a danger to Plaintiff while held at the Adult Detention Facility.

17. The actions of Harrison County, Mississippi/Harrison County Sheriff's Department/George Payne were willful, wanton, intentional, sadistic and done with an intent to purposely injure Plaintiff.

**ALLEGATIONS AS TO HEALTH ASSURANCE, LLC**

18. Health Assurance, LLC, was the contract medical provider retained to provide medical services or assistance to detainees at the Harrison County Adult Detention Center. On January 7, 2006, Plaintiff suffered serious injuries as the result of abuse by Harrison County, Mississippi. Health Assurance's employee was on duty on that date. Plaintiff requested medical assistance from the time that he was initially placed in the restraint chair until he was finally released from the restraint chair. Despite these requests, no medical assistance was afforded to Plaintiff. Approximately four hours after he was

released from the restraint chair, an employee of Health Assurance evaluated and examined Plaintiff. The Plaintiff had suffered serious injuries. The Health Assurance employee failed to provide medical treatment and failed to obtain further medical care by transferring Plaintiff to a hospital or having him examined by a physician. As a result of this failure by Health Assurance, LLC, Plaintiff's condition worsened. These actions by the Defendant were a violation of the standard of care required of health care practitioners providing the services needed by Plaintiff. Further, employees of Health Assurance, LLC knew of the abuse of Plaintiff and failed to intervene to prevent same. Health Assurance, LLC employees knew of the existence of the custom of abuse of the inmates/detainees at the Harrison County Detention Facility prior to January 7, 2006. Neither Health Assurance nor its employees took any action to report this abuse to prevent same. As a result, Health Assurance, LLC and its employees participated in the conspiracy to cover up the abuse of inmates/detainees including Plaintiff. Knowing that its employees would be employed in an Adult Detention Center, Health Assurance, LLC failed to properly train and inform its employees of their responsibilities to stop and/or report incidents of abuse.

**DAMAGES**

19. In the event the Plaintiff is successful in enforcing the provisions of 42 U.S.C. 1983, he is entitled to recover reasonable attorney fees as part of the costs, including expert fees. (42 U.S.C. 1988 (B)(c).

20. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered injuries to his person. Plaintiff suffered pain, humiliation, mental distress and emotional anguish.

21. The Plaintiff has incurred medical expenses. Plaintiff has lost wages and suffered a loss of wage earning capacity as a result of his injuries.

**WHEREFORE,** the Plaintiff files this Second Amended Complaint, requests trial by jury, and seeks judgment of and from the Defendants, jointly and severally as follows:

A. Medical expenses (past, present and future).

B. Lost wages and loss of wage earning capacity.

C. Compensatory damages for his physical pain and suffering and resulting emotional anguish in the sum of $5,000,000.00.

D. Punitive damages in the sum of $10,000,000.00.

E. Attorney fees, expert fees, costs of litigation and costs of court.

**RESPECTFULLY SUBMITTED**, this the 18th day of October, 2007.

KASEY D. ALVES, Plaintiff

BY: */s/ Woodrow W. Pringle, III*
WOODROW W. PRINGLE, III

**CERTIFICATE OF SERVICE**

I, WOODROW W. PRINGLE, III, certify that I have this date forwarded via the ECF system, a copy of the above and foregoing Second Amended Complaint to the following:

Karen J. Young, Esq.
Attorney at Law

Cy Faneca, Esq.
Attorney at Law

Walter T. Johnson, Esq.
Attorney at Law

**SO CERTIFIED** this the 18th day of October, 2007.

/s/Woodrow W. Pringle, III
WOODROW W. PRINGLE, III

WOODROW W. PRINGLE, III
ATTORNEY AT LAW
MS. BAR NO. 4513
2217 PASS ROAD
GULFPORT, MISSISSIPPI 39501
(228) 868-8355 (PHONE)
(228) 868-8433 (FAX)