IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KASEY D. ALVES                                                        PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:06-cv-912LGJmr

HARRISON COUNTY, HARRISON COUNTY
SHERIFF, GEORGE PAYNE, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY, AND
JOHN DOES A-Z WHO ARE UNKNOWN TO THE
PLAINTIFF AT THIS TIME, BUT ARE ON
THE CHAIN OF COMMAND FOR THE
HARRISON COUNTY SHERIFF'S DEPARTMENT,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES                                                           DEFENDANTS

### ANSWER AND DEFENSES OF
### HARRISON COUNTY, MISSISSIPPI TO SECOND AMENDED COMPLAINT

COMES NOW, the Defendant, HARRISON COUNTY BOARD OF SUPERVISORS (hereinafter "the Board"), by and through its attorney of record, Karen J. Young, of the Meadows Law Firm, and files its Answer and Defenses to the Second Amended Complaint filed as follows, to-wit:

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(B)(6).

### SECOND AFFIRMATIVE DEFENSE

Harrison County would show that any damages of the Plaintiff, the existence thereof of which are denied, were the result of inactions or actions of persons other than this Defendant, whose



PLAINTIFF'S EXHIBIT "3"

actions Harrison County did not control, or have the right to control, including persons who may have been employed by the Sheriff of Harrison County, but who were acting outside the course and scope of their employment during the incident which is the subject of the Second Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively avers and pleads the doctrine of sovereign immunity against the claims of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant is exempt as a governmental entity pursuant to Miss. Code Ann. § 11-46-9 (1972), specifically Sections 1(b), (c), (d), (g), (m), and (r).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint is subject to the exclusive remedy provisions of Miss. Code Ann. §§ 11-46-7 and 11-46-15 (1972) (Supp. 1996). Plaintiff is not entitled to a trial by jury.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff sues for personal injuries, Defendant raises the defense Plaintiff suffered from a pre-existing condition or conditions.

### SEVENTH AFFIRMATIVE DEFENSE

The subject of the Plaintiff's Second Amended Complaint does not involve any implementation or execution of any policy, statement, ordinance or regulation or decision officially adopted

and/or promulgated by this Defendant. The Defendant neither promulgated nor condoned any policy, custom or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 42 U.S.C. § 1983, and the Mississippi State Tort Claims Act, Plaintiff cannot recover exemplary or punitive damages, attorney's fees, or pre-judgment interest.

### NINTH AFFIRMATIVE DEFENSE

There can be no liability against Harrison County under the doctrine of respondeat superior pursuant to 42 U.S.C. § 1983.

### TENTH AFFIRMATIVE DEFENSE

Defendant reserves and invokes all other rights and defenses available, including but not limited to, those set forth in Fed. R. Civ. P. 8(C) and 12(B).

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant states Plaintiff cannot punitive damages against this Defendant because it would violate Section 28 of the Mississippi Constitution, provisions of the Constitution of the United States of America, and Miss. Code Ann. § 11-46-16(1972).

### TWELFTH AFFIRMATIVE DEFENSE

AND NOW, without waiving any other defense to which it is entitled, the Defendant answers the Second Amended Complaint,

paragraph by paragraph, as follows:

1. Harrison County admits Plaintiff's cause of action is phrased for violations of Federal statutes and constitutional provisions. Harrison County admits this Court has jurisdiction over the subject matter, but denies each and every other allegation in paragraph 1 of the Second Amended Complaint.

2. Harrison County admits that it is a political subdivision of the State of Mississippi. Harrison County admits that it is responsible for the funding of the Harrison County Sheriff's Department and the Harrison County Adult Detention Center. Harrison County admits that it delegated to the Sheriff of Harrison County the policy making authority within the Harrison County Sheriff's Department and at the Harrison County Adult Detention Center. The remaining allegations of Paragraph 2 are denied.

3. Denied.

4. Harrison County denies that the Sheriff of Harrison County is required to "provide protection" to the Citizens of Harrison County that are detained at the Harrison County Adult Detention Center. The remaining allegations of Paragraph 4 are admitted.

5. Admitted.

6. Harrison County is without the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6; therefore, all allegations are denied.

-4-

Case 1:06-cv-00912-LG-JMR Document 217-4 Filed 12/17/09 Page 5 of 7
Case 1:06-cv-00912-LG-JMR Document 92 Filed 11/06/2007 Page 5 of 7

7. Harrison County is without the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7; therefore, all allegations are denied.

8. Harrison County is without the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8; therefore, all allegations are denied.

9. Harrison County is without the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9; therefore, all allegations are denied.

10. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10; therefore, all allegations are denied.

11. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11; therefore, all allegations are denied.

### SECTION 1983 14TH AMENDMENT

### CLAIM-EXCESSIVE FORCE

12. Denied.

### SECTION 1983 FOURTH AMENDMENT

### CLAIM-CONSPIRACY.

13. Denied.

14. Denied.

### CUSTOM/POLICY

15. Denied.

16. Denied.

17. Denied.

### ALLEGATIONS AS TO HEALTH ASSURANCE, LLC

18. Harrison County admits that Health Assurance, LLC was the contract medical provider retained to provide medical services and assistance to detainees at the Harrison County Adult Detention Center. The remaining allegations of Paragraph 18 are denied.

### DAMAGES

19. Denied.

20. Denied.

21. Denied.

22. Harrison County denies each and every allegation in the general prayer for relief, including subparagraphs A, B, C, D, and E.

WHEREFORE, Harrison County files its separate Answer to the Second Amended Complaint presented against it, and upon final hearing, moves the Court to dismiss it with prejudice, with costs assessed against Plaintiff as provided by law.

RESPECTFULLY SUBMITTED this the 6th day of November 2007.

HARRISON COUNTY, BY AND THROUGH ITS
DULY ELECTED BOARD OF SUPERVISORS

BY: MEADOWS LAW FIRM

BY: /s/ *Karen J. Young*

KAREN J. YOUNG, ESQ.
MS BAR NO. 6654
MEADOWS LAW FIRM
P.O. BOX 1076
GULFPORT, MS 39502
Phone: (228)868-7717
Fax: (228)868-7715

-6-

**CERTIFICATE OF SERVICE**

I, Karen J. Young, of Meadows Riley Law Firm, do hereby certify that a true and correct copy of the above and foregoing Answer and Defenses of Harrison County, Mississippi to the Second Amended Complaint was filed with the United States District Court wherein a copy was forwarded electronically to:

> Woodrow W. Pringle, III, Esq.
> 2217 Pass Road
> Gulfport, MS 39501
>
> Cyril T. Faneca
> DUKES, DUKES, KEATING & FANECA
> P.O. Drawer W
> Gulfport, MS 39502-0680
>
> Walter T. Johnson
> WATKINS & EAGER
> P. O. Box 650
> Jackson, MS 39205-0650
>
> Robert H. Pedersen
> WATKINS & EAGER
> P. O. Box 650
> Jackson, MS 39205-0650

SO CERTIFIED this the 6th day of November, 2007.

/s/ *Karen J. Young*

KAREN J. YOUNG, ESQ.
MS BAR NO. 6654
MEADOWS LAW FIRM
1902 21st Avenue (39501)
P.O. BOX 1076
GULFPORT, MS 39502
Phone: (228)868-7717
Fax: (228)868-7715
Email: kyoung@datasync.com