*Facts*
*Conspiracy*
*excessive force*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 21 2007
J. T. NOBLIN, CLERK
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.

RYAN MICHAEL TEEL,
JAMES RICKY GASTON,
DANIEL EVANS, and
KARL W. STOLZE

Superseding Indictment LG-JMR
CRIMINAL NO. 1:06cr79RG

18 U.S.C. § 241
18 U.S.C. § 242
18 U.S.C. § 1519

**The Grand Jury charges:**

At all times material to this Indictment:

1. The Harrison County Adult Detention Center [hereinafter, Jail] was a facility whose primary function was to house people who were detained while awaiting trial [hereinafter, inmates] in Harrison County, Mississippi. The Jail was operated and controlled by the Harrison County Sheriff's Department [hereinafter, Sheriff's Department], which was responsible for the custody and care of inmates.

2. Inmates were processed into the Jail in an area called Booking. The Jail's Booking area included: an officer-only area, called the Booking Room; an area where inmates assembled to be booked into the Jail, called the Assembly Room; a series of holding cells; and an entry vestibule. The Booking Counter separated the Booking Room and Assembly Room. Deputies who worked in the Booking area were called Booking Officers.

3. The Sheriff's Department employed Defendant **RYAN MICHAEL TEEL** as a Deputy beginning on or about September 7, 1999. Defendant Teel began working as a Booking Officer on or about January 30, 2003. His employment with the Sheriff's Department ended on or about March

-1-



PLAINTIFF'S EXHIBIT 43

8, 2006.

4. The Sheriff's Department employed Defendant **JAMES RICKY GASTON** as a Deputy beginning in 2000. In 2004, Defendant Gaston was promoted to the rank of Captain and given supervisory authority over the Booking Area of the Jail.

5. The Sheriff's Department employed Defendant **DANIEL EVANS** as a Deputy beginning on or about September 15, 2003. Defendant Evans began working as a Booking Officer in July, 2004.

6. The Sheriff's Department employed Defendant **KARL W. STOLZE** as a Deputy beginning on or about August 1, 2003. Defendant Stolze worked as a Booking Officer.

COUNT 1

From at least on or about February 8, 2005, and continuing through at least March 8, 2006, in Harrison County, in the Southern Division of the Southern District of Mississippi, the Defendants, **RYAN MICHAEL TEEL, JAMES RICKY GASTON, DANIEL EVANS, and KARL W. STOLZE**, while employed at the Jail and while acting under color of law of the State of Mississippi, did knowingly and willfully combine, conspire, and agree with each other and with others known and unknown to the Grand Jury, to injure, threaten, oppress, and intimidate inmates in the free exercise and enjoyment of rights and privileges secured to them by the Constitution and laws of the United States, namely: the right not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force amounting to punishment by one acting under color of law. The acts committed in furtherance of this Conspiracy resulted in bodily injury to inmates and in the death of inmate Jessie Lee Williams, Jr.

## Manner, Means, and Objects of the Conspiracy

1. It was part of the Conspiracy that the Defendants and their co-conspirators assaulted inmates at the Jail in order to punish, harm, and intimidate them.

2. It was further part of the Conspiracy that the Defendants and their co-conspirators encouraged each other to assault inmates and boasted about their participation in willful and intentional assaults.

3. It was further part of the Conspiracy that the Defendants and their co-conspirators concealed and covered up their assaults of inmates. The co-conspirators attempted to, and did, conceal their assaults of inmates by failing to document uses of force, by creating false justifications for excessive use of force, by giving false statements, and by writing false, vague, and misleading reports concerning excessive uses of force.

## Overt Acts

In furtherance of the Conspiracy and to effect the objects thereof, the Defendants and their co-conspirators committed the following overt acts, among others, at the Jail:

1. On or about February 8, 2005, **JAMES RICKY GASTON** and co-conspirators assaulted inmates at the Jail. One of the assaults committed by **JAMES RICKY GASTON** and co-conspirators was against inmate A.H. The assault resulted in bodily injury to A.H.

2. **JAMES RICKY GASTON** and the other co-conspirators concealed their assault on A.H. by not writing reports concerning the incident.

3. On or about February 8, 2005, **JAMES RICKY GASTON** bragged that he and other co-conspirators were assaulting inmates and not properly documenting their uses of force.

4. On or about April 8, 2005, **DANIEL EVANS, KARL W. STOLZE,** and another co-conspirator assaulted inmate J.W. in the Booking Area shower room. The assault resulted in bodily

-3-

injury to J.W.

5. On or about April 8, 2005, **DANIEL EVANS, KARL W. STOLZE,** and another co-conspirator wrote false and misleading reports concerning their assault of J.W.

6. On or about August 9, 2005, **RYAN MICHAEL TEEL, JAMES RICKY GASTON,** and other co-conspirators assaulted inmate M.A. in the Booking Area of the Jail. This assault resulted in bodily injury to M.A.

7. **RYAN MICHAEL TEEL, JAMES RICKY GASTON,** and other co-conspirators concealed their assault on M.A. by failing to write reports concerning the use of force.

8. Following the assault on M.A., **JAMES RICKY GASTON** boasted to other co-conspirators about his assault on M.A.

9. From at least on or about February 8, 2005, and continuing through at least March 8, 2006, **JAMES RICKY GASTON** encouraged the co-conspirators to disregard Jail policy and procedure by stating that Booking operated under a different set of rules.

10. From on or about February 8, 2005, and continuing through at least March 8, 2006, **RYAN MICHAEL TEEL** and other co-conspirators encouraged at least one other co-conspirator needlessly to use O.C. spray against inmates.

11. From at least on or about February 8, 2005, and continuing through at least March 8, 2006, **RYAN MICHAEL TEEL, DANIEL EVANS, and KARL W. STOLZE** assaulted inmates in the Booking room shower.

12. From at least on or about February 8, 2005, and continuing through at least March 8, 2006, **RYAN MICHAEL TEEL, DANIEL EVANS, and KARL W. STOLZE** choked inmates until the inmates passed out.

13. From at least on or about February 8, 2005, and continuing through at least March 8, 2006, **KARL W. STOLZE,** in the presence of other co-conspirators, assaulted an inmate while transporting the inmate in a hallway of the Jail. After choking and punching the inmate, **KARL W. STOLZE** asked a co-conspirator whether that co-conspirator also wanted to assault the inmate.

14. From at least on or about February 8, 2005, and continuing through at least March 8, 2006, **DANIEL EVANS** boasted that he punched an inmate with enough force to leave a mark on the inmate's body.

15. On or about January 7, 2006, **RYAN MICHAEL TEEL** and at least one other co-conspirator assaulted inmate K.A. by, among other actions, punching him, spraying him with O.C. spray, tying a sheet around his face, and placing him in a restraint chair. This assault occurred while K.A.'s hands were restrained behind his back in handcuffs, and resulted in bodily injury to K.A.

16. On or about January 7, 2006, **RYAN MICHAEL TEEL** attempted to conceal his assault on K.A. by writing a false, vague, and misleading report about the incident. Among other things, the report did not document that K.A. was handcuffed during the entire incident.

17. On or about February 4, 2006, **RYAN MICHAEL TEEL** and other conspirators assaulted inmate Jessie Lee Williams, Jr., in the Booking area of the Jail by, among other actions, punching him, spraying him with O.C. spray, kicking him, and placing him in a restraint chair. This assault resulted in bodily injury to, and the death of, Williams.

18. On or about February 4, 2006, **RYAN MICHAEL TEEL** attempted to conceal his assault on Williams by writing a false, vague, and misleading report. Among other things, the report falsely alleged that Williams initiated the physical confrontation with **RYAN MICHAEL TEEL**. The report also did not accurately record **RYAN MICHAEL TEEL'S** actions against Williams.

19. On or about February 5, 2006, **RYAN MICHAEL TEEL** boasted about his assault of Williams.

All of the above and foregoing in violation of Section 241, Title 18, United States Code.

## COUNT 2

On or about February 4, 2006, in Harrison County, in the Southern Division of the Southern District of Mississippi, the Defendant, **RYAN MICHAEL TEEL**, then a Deputy with the Sheriff's Department, while acting under color of law of the State of Mississippi, assaulted Jessie Lee Williams, Jr., thereby depriving Williams of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force by one acting under color of law, during which the Defendant acted in an attempt to kill Williams, and the result of which was bodily injury and death to Williams, all in violation of Section 242, Title 18, United States Code.

## COUNT 3

On or about February 4, 2006, in Harrison County in the Southern Division of the Southern District of Mississippi, the Defendant, **RYAN MICHAEL TEEL,** then a Deputy with the Sheriff's Department, knowingly falsified and made a false entry in a record and document, specifically a Harrison County Sheriff's Narrative Form dated February 4, 2006, concerning Jessie Lee Williams, Jr., with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of a department or agency of the United States, all in violation of Section 1519, Title 18, United States Code.

## COUNT 4

On or about August 9, 2005, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendants, **RYAN MICHAEL TEEL and JAMES RICKY GASTON**, then Deputies with the Sheriff's Department, while acting under color of law of the State of Mississippi, did assault M.A., thereby willfully depriving M.A. of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law, which included the right to be free from the use of excessive force by one acting under color of law, the result of which was bodily injury to M.A., all in violation of Section 242, Title 18, United States Code.

## COUNT 5

On or about October 10, 2003, in Harrison County in the Southern Division of the Southern District of Mississippi, the Defendant, **JAMES RICKY GASTON**, then a Deputy with the Sheriff's Department, while acting under color of law of the State of Mississippi, did assault T. O., thereby depriving T.O. of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law, which includes the right to be free from the use of excessive force by one acting under color of law, the result of which was bodily injury to T.O., all in violation of Section 242, Title 18, United States Code.

A TRUE BILL:

s/ Signature
_____
Foreperson of the Grand Jury

DUNN LAMPTON
United States Attorney

WAN J. KIM
Assistant Attorney General
United States Department of Justice
Civil Rights Division