# Memorandum



| Subject | Date |
|---|---|
| United States v. Regina Lynn Rhodes Criminal No. | August 5, 2006 |

To
James B. Halliday, Esq.
Post Office Box 6783
Gulfport, Mississippi   39506

From
Jack B. Lacy, Jr.
Assistant United States Attorney

## PLEA AGREEMENT

Regina Lynn Rhodes, the Defendant herein, and her Attorney, James B. Halliday, have been notified that:

### 1. Defendant's Obligations

If the Defendant tenders a plea of guilty to a two-count criminal information to be filed in this case, charging her with *a Felony Violation of Deprivation of Rights under Color of Law* under 18 U.S.C. § 242, and *Misprision of Felony* under 18 U.S.C. § 4, and if she fully cooperates with the Government and with the District Attorney of Harrison County [District Attorney], Mississippi as set out in ¶'s 9 and 10;

### 2. Government's Obligations

a. Thereafter, the United States Attorney for the Southern District of Mississippi [U.S. Attorney's Office] will recommend that the Court accept the defendant's plea of guilty.

b. The Defendant has timely notified the U.S. Attorney's Office of her intent to enter a plea of guilty. If the Defendant qualifies for a decrease under U.S.S.G. § 3E1.1(a), and if the Defendant's offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is a level 16 or greater, the U.S. Attorney's Office will move for an additional one-level decrease in the guidelines in accordance with U.S.S.G. § 3E1.1(b).

-1-



    c. Should the U.S. Attorney's Office determine that the Defendant has provided substantial assistance to law enforcement officials in an investigation or prosecution other than the investigation and/or prosecution concerning the assault on Jessie Lee Williams, Jr., at the Harrison County Correctional Facility on February 4, 2006 and subsequent cover-up, and has fully complied with the understandings specified in this Agreement, then the government may submit a motion for a reduction in sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure at such time as the Defendant's cooperation is complete. It is understood that, even if such motion is filed, the sentence to be imposed upon the Defendant remains within the sole discretion of the Court. The determination as to whether Defendant has provided substantial assistance shall rest solely within the discretion of the relevant law enforcement agencies involved in conjunction with the U.S. Attorney's Office. The Defendant's cooperation regarding the assault on Jessie Lee Williams, Jr., at the Harrison County Correctional Facility Jail on February 4, 2006 and the subsequent cover-up by law enforcement officers is expected as part of this plea agreement and will not provide the basis for a motion for a reduction in sentence.

### 3. **Counts of Conviction**

It is understood that, as of the date of this plea agreement, the Defendant and her attorney have indicated that the Defendant desires to plead guilty to both Counts 1 and 2 of the criminal information.

### 4. **Sentence**

The Defendant understands that the penalty for the offense charged in Count 1 of the information, charging a violation of Title 18, United States Code, § 242, is a term of imprisonment of not more than ten (10) years; a term of supervised release of not less than three (3) years; and a fine of up to $250,000.00. The Defendant further understands that the penalty for the offense charged in Count 2 of the information, charging a violation of Title 18, United States Code, § 4, is a term of imprisonment of not more than three (3) years; a term of supervised release of not more than three (3) years; and a fine of up to $250,000.00. In the aggregate, the defendant could be sentenced to a term of imprisonment of up to thirteen (13) years; a term of supervised release of not more than five (5) years; and a fine of up to $500,000.00. The Defendant further understands that a term of supervised release will be imposed and that the term will be in addition to any prison sentence she receives; further, if any of the terms of

supervised release are violated, the Defendant can be returned to prison for the entire term of supervised release, without credit for any time already served on the term of supervised release prior to Defendant's violation of those conditions. It is further understood that the Court may require the Defendant to pay restitution in this matter in accordance with applicable law. The Defendant further understands that she is liable to make restitution for the full amount of the loss determined by the Court to constitute relevant conduct, which amount is not limited to the count of conviction.

## 5. Stipulations

Defendant will plead guilty because she is in fact guilty of the charges contained in Count One and Count Two of the Information. In pleading guilty, defendant admits and stipulates to the following facts and that those facts establish her guilt beyond a reasonable doubt:

Regina Lynn Rhodes is a former Harrison County Sheriff's Department corrections officer at the Harrision County Adult Detention Center [hereinafter "Jail"]. Rhodes worked at the Jail from May, 2004, through February, 2006. Rhodes was permanently assigned to the Jail's Booking area from in or about December, 2005, through February, 2006. While assigned to the Booking area, Rhodes was occasionally under the direct supervision of Ryan Michael Teel.

While she was assigned to the Booking area, Rhodes observed Teel and other corrections officers engage in a pattern of physical abuse of inmates at the Jail. More specifically, Teel and other corrections officers routinely participated in striking, punching, kicking, choking, and otherwise assaulting inmates in circumstances that did not justify the use of force. Teel regularly encouraged other corrections officers regarding their involvement in this conduct. Additionally, Teel and other corrections officers submitted false, incomplete and misleading jail reports for the purpose of covering up these assaults. Rhodes was aware that Teel and other corrections officers were submitting false, incomplete and misleading jail reports to cover up uses of unnecessary force and failed to report their criminal conduct.

This pattern of physical abuse included an assault by Teel, defendant Rhodes and others, while acting under color of law, on pre-trial detainee Jessie Lee Williams, Jr., on February 4, 2006. During this assault, Teel committed numerous physical acts that were not justified uses of force. These acts included, but were not limited to, Teel

striking, punching, kicking, choking and otherwise assaulting Jessie Lee Williams, Jr., in the head, neck and other areas. These acts were completed at a time when Jessie Lee Williams, Jr. was compliant, when no use of force against Jessie Lee Williams, Jr., was justified. Additionally, Teel continued to assault Jessie Lee Williams, Jr., after Williams was restrained, when no use of force against Williams was justified. Jessie Lee Williams, Jr. lapsed into unconsciousness shortly after these acts and died two days later of trauma-related brain injuries.

Defendant Rhodes, while acting under color of law, participated in the assault on Jessie Lee Williams, Jr., on February 4, 2006, during the time that she knew that no use of force was justified. Defendant Rhodes repeatedly and forcefully struck Jessie Lee Williams, Jr., on his neck, back, and legs while he was restrained. These strikes caused "bodily injury" to Jessie Lee Williams, Jr., as that term is used in Title 18, United States Code, Section 242.

Teel's actions, while acting under color of law, of repeatedly striking Jessie Lee Williams, Jr., in the face and head when no use of force was justified, resulting in bodily injury, and eventually, death, to Williams, constituted a felony pursuant to Title 18, United States Code, Section 242. Defendant Rhodes had knowledge of the commission of that felony, as she personally observed Teel's actions. Defendant Rhodes failed to notify an authority as soon as possible, and committed affirmative acts to conceal the assaults committed by her, Teel and others, to wit: 1) Defendant Rhodes wrote a report on or about February 5, 2006 in which she omitted the fact that Teel had used unnecessary force while acting under color of law against Jessie Lee Williams, Jr., resulting in bodily injury, and eventually, death; 2) Defendant Rhodes affirmatively lied to agents with the Mississippi Bureau of Investigation on February 8, 2006 by falsely claiming that there was no use of unnecessary force under color of law by herself, Teel, or any other officers against Jessie Lee Williams, Jr., on the night of February 4, 2006 when she knew that unnecessary force had in fact been used by herself, Teel and other officers; and 3) Defendant Rhodes affirmatively lied to an agent of the Federal Bureau of Investigation on June 19, 2006 by falsely claiming that there was no use of unnecessary force under color of law by herself, Teel, or any other officers against Jessie Lee Williams, Jr., on the night of February 4, 2006 when she knew that unnecessary force had in fact been used by herself, Teel and other officers.

This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does

not contain each and every fact known to the defendant and to the United States concerning the defendant's and/or others' involvement in the offense conduct and other matters.

**6. Forfeitures**   None.

**7. This Agreement Does NOT Bind the Court**

It is further understood that the Court, in accord with the principles of Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, is not required to accept the recommendation of the U.S. Attorney's Office, but may sentence the defendant to the maximum fine and imprisonment as provided by law, and the Government has no other obligation in regard to sentencing than as stated in ¶ 2.

**8. Determination of Sentencing Guidelines**

It is further understood that the United States Sentencing Guidelines are advisory only and that the Defendant and the Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. The Defendant acknowledges that she is not relying upon anyone's calculation of a particular Guidelines range for the offenses to which she is entering this plea, and recognizes that the Court will make the final determination of the sentence and that she may be sentenced up to the maximum penalties set forth above.

**9. Willingness to Cooperate**

It is further understood and specifically acknowledged by the Defendant that the consideration for the action by the Government herein is Defendant's representation, by execution of this Plea Agreement and otherwise, that the Defendant both can and will carry out the terms and conditions contained herein.

**10. Terms of Cooperation**

It is further understood that full cooperation referred to in ¶ 1 includes: (a) immediate and truthful disclosure of all matters involved in these charges to the

appropriate federal agents; (b) truthful and complete disclosure of other matters involving possible violations of federal law to the appropriate federal agency as directed by the U.S. Attorney's Office; (c) truthful testimony at any trial involving any matter arising from these charges, in federal or in state court; (d) truthful testimony before any Grand Jury or at any trial in this or any other district on any matter about which the Defendant has knowledge and which is deemed pertinent to the U.S. Attorney's Office; (e) full cooperation with the U.S. Attorney's Office, with any law enforcement agency designated by the U.S. Attorney's Office, and/or the District Attorney's office; (f) attendance at all meetings at which the U.S. Attorney or the District Attorney requests her presence; (g) provision to the U.S. Attorney's Office, upon request, of any document, record, or other tangible evidence relating to matters about which the U.S. Attorney's Office, any designated law enforcement agency, and/or the District Attorney inquires of her; and (h) an obligation on the part of the Defendant to commit no further crimes whatsoever.

### 11. Limits on Further Prosecution

It is further understood that the U.S. Attorney's Office and the District Attorney will seek no further criminal prosecution of the Defendant for any acts or conduct by the Defendant as of the date of this Agreement, arising out of any event covered by the criminal information referenced in ¶ 1, if the Defendant voluntarily, truthfully, and completely discloses all information and knowledge that the Defendant possesses. Should the Defendant not voluntarily and completely disclose, then as to that matter, the U.S. Attorney's Office and/or the District Attorney is free to seek prosecution of the Defendant. This Plea Agreement does not provide any protection against prosecution for any crimes except as set forth above.

### 12. Breach of this Agreement

It is further understood that should the Defendant fail or refuse as to any part of this Plea Agreement or commit any other crimes, the representations by the United States or the District Attorney in ¶'s 2 and 11 above are rescinded, and the Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney's Office or the District Attorney has not sought as a result of this Plea Agreement, including any such prosecutions which might have been dismissed or otherwise barred by the Double Jeopardy Clause.

If the defendant fails to fulfill her obligations under this plea agreement, the United States may seek release from any or all its obligations under this plea agreement. If the defendant fails to fulfill her obligations under this plea agreement, the defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other federal rule, that defendant's statements pursuant to this agreement or any leads derived therefrom, should be suppressed or are inadmissible. Whether the defendant has breached any provision of this plea agreement, if contested by the parties, shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the United States shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

### 13. Binding Effect on this Federal District or upon the District Attorney

It is further understood that this Plea Agreement does not bind any other state or local prosecuting authorities or any other federal district, except as otherwise provided herein; further, this agreement does not bind the Attorney General of the United States in regard to any matter, civil or criminal, involving the tax statutes of the United States.

### 14. Financial Obligations

It is further understood and specifically agreed to by the Defendant that, at the time of the execution of this document or at the time her plea is entered, the Defendant will then and there pay over the special assessment of $100.00 per count required by Title 18, United States Code, § 3013, to the Office of the United States District Court Clerk; the Defendant shall thereafter produce proof of payment to the U.S. Attorney's Office or to the U.S. Probation Office. If the defendant is adjudged to be indigent, payment of the special assessment at the time of the plea is waived, but the Defendant agrees that it may be made payable first from any funds available to the Defendant while she is incarcerated. The Defendant understands and agrees that, pursuant to Title 18, United States Code, § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in § 3613. Furthermore, the Defendant agrees to provide all of her financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes

a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation upon the methods, available to the United States to enforce the judgment. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs her participation or imposes a schedule of payments.

### 15. Further Crimes

It is further understood that should the Defendant commit any further crimes, this Plea Agreement shall be deemed violated and she shall be subject to prosecution for any federal or state criminal violation of which this office has knowledge, and that any information provided by her may be used against her.

### 16. Waivers

The Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty which could be imposed, and being advised of her rights to remain silent, to a trial by jury, to subpoena witnesses on her own behalf, to confront any witnesses against her, and to appeal her conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney or the District Attorney in this plea agreement, hereby expressly waives the above rights and the following:

    a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, § 3742, on any ground whatsoever; and

    b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, § 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case; and

    c. any right to seek attorney's fees and/or costs under the *Hyde Amendment*, as codified in Title 18, United States Code, § 3006A, and the Defendant acknowledges that the government's position in the instant prosecution is not merely

frivolous, vexatious, or undertaken in bad faith; and

    d. all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by her or by her representative under the Freedom of Information Act, set forth at Title 5, United States Code, § 552, or the Privacy Act of 1974, at Title 5, United States Code, § 552a.

    e. The defendant further acknowledges and agrees that any factual issues regarding her sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and the Defendant waives any right to a jury determination of these sentencing issues. The Defendant further agrees that, in making its sentencing decision, the District Court may consider any relevant evidence without regard to its admissibility under the Rules of Evidence applicable at trial.

**The Defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorney and the District Attorney in this agreement.**

### 17. Future Contact with the Defendant

The Defendant and her attorney acknowledge that if forfeiture, restitution, a fine, or special assessment, or any combination of these is ordered in the Defendant's case, that this will require regular contact with the Defendant during any period of incarceration, probation, and supervised release. Further, the Defendant and her attorney understand that it is essential that defense counsel contact the Financial Litigation Unit of the U.S. Attorney's Office immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent the Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the U.S. Attorney's Office does not receive any written acknowledgment from defense counsel within two weeks of entry of judgment in this case, the U.S. Attorney will presume that defense counsel no longer represents the Defendant and the Financial Litigation Unit will communicate directly with the Defendant regarding collection of the financial obligations imposed by the Court. The Defendant and her attorney understand and agree that such direct contact with the Defendant shall not be deemed an improper *ex parte* contact with the Defendant if

defense counsel fails to notify the U.S. Attorney's Office of any continued legal representation within two weeks after the date of entry of the judgment in this case.

### 18. Complete Agreement

It is further understood that this Plea Agreement completely reflects all promises, agreements, and conditions made by and among the United States Attorney's Office for the Southern District of Mississippi, the District Attorney, and the Defendant.

**Defendant and her attorney of record declare that the terms of this plea agreement have been:**

1. READ BY OR TO HER;  2. EXPLAINED TO HER BY HER ATTORNEY; 3. UNDERSTOOD BY HER; 4. VOLUNTARILY ACCEPTED BY HER; and 5. AGREED TO AND ACCEPTED BY HER.

WITNESS OUR SIGNATURES, as set forth below on August 7th, 2006:

FOR THE UNITED STATES:

DUNN LAMPTON

_____
Jack B. Lacy, Jr.
Assistant United States Attorney


WAN J. KIM
Assistant Attorney General for
    Civil Rights

_____
Lisa M. Krigsten
Senior Litigation Counsel

FOR THE DEFENDANT:

_____
Regina Lynn Rhodes
Defendant

_____
James B. Halliday
Attorney for Defendant Rhodes

_____
Donald J. Rafferty
Attorney for Defendant Rhodes

-10-

*[signature]*

John Cotton Richmond
Trial Attorney


FOR THE STATE OF MISSISSIPPI:

*[signature]*

Cono A. Caranna
District Attorney for Harrison County