IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KASEY D. ALVES**                                                         **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 1:06cv912-LG-JMR**

**HARRISON COUNTY, MISSISSIPPI, BY AND
THROUGH THE BOARD OF SUPERVISORS, ET AL.**           **DEFENDANTS**

**DEFENDANT, GEORGE PAYNE'S MOTION IN LIMINE NO. 4
TO BAR PLAINTIFF'S EVIDENCE AND REFERENCES TO
RECORDINGS/NOTES ALLEGEDLY MADE BY REGINA RHODES,
WHILE EMPLOYED AT THE HCADC**

COMES NOW, Defendant, Sheriff George Payne, in his official capacity, by and through his attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., and moves this Honorable Court in *limine*, for an Order barring Plaintiff's evidence and references to recordings/notes allegedly made by Regina Rhodes, while employed at the HCADC. In support thereof, Defendant states as follows:

1.      Defendant respectfully moves this Court to bar Plaintiff from offering any reference, testimony or argument referencing the recordings/notes allegedly made by Regina Rhodes, while employed at the HCACD, pursuant to Fed. R. Evid. 801 and 802, being inadmissible hearsay. See Cover letter and notes, **Exhibit "26"**. Further, these exhibits are unsworn and unauthenticated and prohibited by Fed. R. Evid. 901. None of these exhibits would constitute admissible evidence, because they are hearsay and unsworn, and should be barred from this trial. Additionally, Plaintiff improperly attempts to rely on testimony of a fact witness, who was never properly designated by Plaintiff as an expert in this case, and who would not be permitted to offer her opinions at trail, and which is prohibited by Fed. R. Evid. 701-704, and Fed. R. Civ. P. 26 and 16.

WHEREFORE PREMISES CONSIDERED Defendant, George Payne respectfully requests this Court to enter an Order granting this Motion in Limine and respectfully requests the Court to enter an Order as follows:

A) Directing the Plaintiff through their respective counsel, and counsel individually, not to mention, refer to, interrogate concerning, voluntarily answer, or attempt to convey before the jury whether orally or through a document, at any time during these proceedings, in any manner, either directly or indirectly, the subject matters as stated above without first informing the Court and obtaining permission of the court outside the presence and hearing of the jury;

B) Instructing the Plaintiff, through their respective counsel, and counsel individually, not to make any reference or inference to the fact that this motion has been filed, argued or ruled upon by this Court; and

C) Instructing Plaintiff and Plaintiff's attorney to warn and caution each and every witness appearing in their phase of this litigation to strictly comply with the Court's ruling.

RESPECTFULLY SUBMITTED, this the 13th day of April, 2009.

**GEORGE PAYNE, JR., IN HIS OFFICIAL CAPACITY ONLY AND HARRISON COUNTY SHERIFF'S DEPARTMENT, Defendant**

**DUKES, DUKES, KEATING & FANECA, P.A.**

BY:   /s/Cy Faneca
          CY FANECA

Cy Faneca, MSB #5128
Jon S. Tiner, MSB #101733
**DUKES, DUKES, KEATING AND FANECA, P.A.**
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:**   (228) 868-1111
**Facsimile:**     (228) 863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Woodrow W. Pringle, III, Esquire
    2217 Pass Road
    Gulfport, MS 39501
    Attorney for Plaintiff

    Karen Young, Esq.
    Meadows Riley Law Firm
    Post Office Drawer 550
    Gulfport, Mississippi  39502
    Counsel for Harrison County

This, the 13th day of April, 2009.

                                          *s/Cy Faneca*
                                          CY FANECA