IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KASEY D. ALVES**                                                                 **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO.  1:06cv912-LG-JMR**

**HARRISON COUNTY, MISSISSIPPI, BY AND**
**THROUGH THE BOARD OF SUPERVISORS, ET AL.**            **DEFENDANTS**

### DEFENDANT, GEORGE PAYNE'S MOTION IN LIMINE NO. 5 TO BAR PLAINTIFF'S EVIDENCE AND REFERENCES TO THE MEDICAL RECORDS/NOTES OF DR. DOUGLAS LANIER, JR. REGARDING THE USE OF RESTRAINT CHAIR; AND THE RHABDOMYOLOYSIS ARTICLE/TREATISE

COMES NOW, Defendant, Sheriff George Payne, in his official capacity, by and through his attorneys of record, Dukes, Dukes, Keating & Faneca, P.A., and moves this Honorable Court in *limine*, for an Order barring Plaintiff's evidence and references to the medical records/notes of Dr. Douglas Lanier, Jr. regarding the use of restraint chair; and the Rhabdomyoloysis article/treatise. In support thereof, Defendant states as follows:

1. Defendant respectfully moves this Court to bar Plaintiff from offering any reference, testimony or argument referencing the medical records/notes of Dr. Douglas Lanier, Jr. regarding his personal opinion of the use of restraint chair pursuant to Fed. R. Evid. 701-704 and Fed. R. Civ. P. 26 and 16, which prohibits Plaintiff's attempts to rely on testimony of an expert witness who was never properly designated by Plaintiff in this case on the issue of police/corrections, and who would not be permitted to offer his opinions on these issues at trail. *See* MR # 15659, **Exhibit "27"**. Further, Defendant hereby moves in limine to bar any article or treatise on the signs and symptoms of rhabdomyolysis pursuant to Fed. R. Evid. 801 and 802, being inadmissible hearsay. *See* Rhabdomyolysis, **Exhibit "28"**.

WHEREFORE PREMISES CONSIDERED Defendant, George Payne respectfully requests this Court to enter an Order granting this Motion in Limine and respectfully requests the Court to enter an Order as follows:

A) Directing the Plaintiff through their respective counsel, and counsel individually, not to mention, refer to, interrogate concerning, voluntarily answer, or attempt to convey before the jury whether orally or through a document, at any time during these proceedings, in any manner, either directly or indirectly, the subject matters as stated above without first informing the Court and obtaining permission of the court outside the presence and hearing of the jury;

B) Instructing the Plaintiff, through their respective counsel, and counsel individually, not to make any reference or inference to the fact that this motion has been filed, argued or ruled upon by this Court; and

C) Instructing Plaintiff and Plaintiff's attorney to warn and caution each and every witness appearing in their phase of this litigation to strictly comply with the Court's ruling.

RESPECTFULLY SUBMITTED, this the 13th day of April, 2009.

**GEORGE PAYNE, JR., IN HIS OFFICIAL CAPACITY ONLY AND HARRISON COUNTY SHERIFF'S DEPARTMENT, Defendant**

**DUKES, DUKES, KEATING & FANECA, P.A.**

BY:   /s/Cy Faneca
        CY FANECA

Cy Faneca, MSB #5128
Jon S. Tiner, MSB #101733
**DUKES, DUKES, KEATING AND FANECA, P.A.**
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:** (228) 868-1111
**Facsimile:** (228) 863-2886

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Woodrow W. Pringle, III, Esquire
>2217 Pass Road
>Gulfport, MS 39501
>Attorney for Plaintiff
>
>Karen Young, Esq.
>Meadows Riley Law Firm
>Post Office Drawer 550
>Gulfport, Mississippi  39502
>Counsel for Harrison County

This, the 13th day of April, 2009.

>*s/Cy Faneca*
>CY FANECA